No. 13.—DAVID S. JOHNSTON, plaintiff in error, *vs.* ROBERT CRAWLEY, defendant in error.

[1.] In a claim case, growing out of the levy of a mortgage *fi. fa.*, the proof was, that the claimant was in possession at the levy, but that such possession was by virtue of a title which he obtained by purchasing the property at Sheriff's sale, when it was sold to satisfy general judgments against the defendant in *fi. fa.* younger than the mortgage.

*Held*, That such proof was sufficient to prevent a non-suit.

[2.] A. had a mortgage on property of B. The mortgage was foreclosed, and the *fi. fa.* levied on the property. C. and others had general judgments against B., younger than the mortgage. The property was sold under these general judgments, before it was levied on under the mortgage *fi. fa.*, and D. became the purchaser. D. put in a claim against the levy made under the mortgage *fi. fa.* and sought on the trial to attack the mortgage.

*Held*, That the judgment of foreclosure of the mortgage, did not bar him from such attack.

Claim, from Morgan Superior Court. Tried before Judge HARDEMAN, at March Term, 1857.

At March Term, 1856, of the Superior Court of Morgan county, Robert Crawley foreclosed a mortgage which he held upon the Madison Steam Mills. This mortgage was dated *twenty-fifth April, eighteen hundred and fifty-five,* and the judgment of foreclosure was entered *sixth of March, eighteen hundred and fifty-six.* On the *fifteenth of March, eighteen hundred and fifty-six, fi. fa.* on said judgment was issued, and levied, by the Sheriff of said county, upon the property, on the *twenty-fourth of April,* in the same year, when David S. Johnston interposed his claim to the premises levied on. The claim was subsequently dismissed; the property again levied upon by virtue. of the mortgage *fi. fa.* issued in favor of Crawley, and was again claimed by Johnston.

Issue was tendered by plaintiff and joined by claimant, and the parties went to trial.

Plaintiff introduced the *fi. fa.* with the returns thereon; proved the levy, and that defendant in said *fi.fa.*, the Madison Steam Mill Company, was in possession of the property

at the date of the execution of the mortgage, and was subsequently in possession; also proved that the Sheriff had afterwards levied certain general *fi. fas.* on said property, the *fi. fas.* being founded on judgments younger than the mortgage; that claimant had purchased it at Sheriff sale under those *fi. fas.*, and had been put into possession thereof, and was in possession at the time of the levy under the mortgage *fi. fa.*; that notice of mortgages amounting to near twenty thousand dollars, among which was the one to Crawley, had been given at the time of said sale, and that the purchaser would buy subject to those mortgages: the value of the property at the time of the sale, was estimated at twenty or twenty-one thousand dollars, and at the time of the trial, at twelve or eighteen thousand dollars.

The plaintiff having closed, counsel for claimant, moved for a non-suit, on the ground, that the plaintiff had not proven title to the property, nor made out such a *prima facie* case, by proving possession of defendant at the time of levy, as would shift the burden to claimant.

The Court refused the motion to non-suit, holding that plaintiff having proved the possession of defendant at the time the mortgage was executed, and subsequently thereto, cast the burden on claimant. And this is the first ground of error assigned by claimant.

Claimant then tendered in evidence, which was admitted, the Sheriff's deed to him of the premises sold under the general judgments against the defendant—deed dated 4th March, 1856.

He then proposed to introduce the instrument, purporting to be a mortgage from the Madison Steam Mill Company to Crawley, signed by Elijah G. Jones, President, and A. G. Foster, Secretary, but without the corporation seal; and also the books of minutes kept by said company; counsel stating that his purpose was to show by this testimony, that the instrument purporting to be a mortgage deed from defendant to

Crawley, was not executed in the manner in which only corporations can execute deeds conveying land, viz: by the corporation seal: and that Jones and Foster had no authority to sign and execute said deed.

Plaintiff objected to the introduction of this testimony, on the ground that it was proposed thereby, to attack and impeach collaterally the judgment of this Court in the proceedings of foreclosure of said mortgage. The Court sustained the objection and repelled the testimony, holding, that the judgment of foreclosure, was a judgment declaring said instrument a *mortgage,* and claimant was thereby precluded and barred from showing it otherwise in this proceeding.

To which decision and ruling, claimant by his counsel excepted.

STARNES, for plaintiff in error.

CONE, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Ought the motion for a non-suit to have been granted?

Did the evidence show that the defendant in *fi. fa.* had the *title* at the date of the mortgage? or, that he had the *possession* at the date of the levy? or, that any one claiming under him by title passing from him after the date of the mortgage, had the possession at the date of the levy? If the evidence showed any one of these things, it is indisputable that the non-suit ought not to have been granted.

The evidence showed the last, if not the first of these things. The evidence showed this—that the defendant in *fi. fa.,* being in possession of the property, mortgaged it to the plaintiff in *fi. fa.;* that afterwards, certain general judgments were rendered against the defendant in *fi. fa.,* and, that, under *fi. fas.* issued from those judgments, the property, whilst still in the possession of the defendant in *fi. fa.,* was seized

and sold, that the claimant became the purchaser of it, and, as such purchaser, took possession of it, and that whilst he was in possession of the property, under this purchase, it was levied on by the mortgage *fi. fa.*

Although, therefore, it was the claimant that was in *possession* at the date of the levy, yet it is manifest, that he must have been in possession as one claiming under the defendant in *fi. fa.*, and claiming under the defendant in *fi. fa.* by a title passing from him after the date of the mortgage.

And it follows also, perhaps, that both parties were estopped from saying, that the defendant in *fi. fa.* did not have *title* at the date of the mortgage, for both parties claim under the defendant in *fi. fa.* 2. *Green. Ev. Sec.* 307.

[1.] We think then that the Court was right in refusing a non-suit.

The motion for a non-suit being overruled, the claimant offered the following evidence: the mortgage, the record of the proceedings for the foreclosure of the mortgage, and the minutes of the corporation—the defendant in *fi. fa.* This evidence he offered, for the purpose of showing, that the mortgage was executed without authority from the corporation, and was therefore void.

The Court rejected the evidence, deciding, that to receive it, would be to allow the judgment of foreclosure of the mortgage to be attacked "collaterally;" and that the claimant was a person who had no right to attack that judgment collaterally.

Is it true then, that the claimant was such a person? This is the next, and only remaining question.

A judgment is conclusive upon those who are parties or privies to it, and upon none others. As to all others, it is generally no evidence at all; never more than *prima facie* evidence. This is indisputable. 1. *Green. Ev. Sec.* 522, *et seq.*

It follows that all others, than parties or privies, may attack the judgment, whenever and wherever it comes in their way; may therefore attack it "collaterally."

Johnston vs. Crawley.

This being so, the question is, was the claimant a party, or a privy, to the judgment of foreclosure?

The relation in this respect, which the claimant bore to that judgment, was the same as that which the plaintiffs, in the general judgments, had borne to that judgment; for the only interest which he had in the property was the interest which he acquired by purchasing the property when it was sold under their judgments. What those plaintiffs had the right, then, to sell under their judgments, was what he purchased.

Were the plaintiffs in those judgments parties or privies to the judgment of foreclosure?

They were neither. They were no more parties or privies to that judgment, than was the plaintiff in that judgment, a party, or a privy, to their judgments. *McDougald vs. Hall*, 3. *Kelly*, 174.

They then, not being parties or privies to that judgment, and the claimant bearing the same relation to it which they had borne, he was not a party or a privy to it.

It follows, therefore, that the claimant was a person who had the right to attack that judgment *collaterally*.

This being so, it must have been an error in the Court below, to hold that the claimant was a person who did not have this right.

We think it was an error, and therefore, we think that there should be a new trial; but this is all that we say. We say nothing whatever as to what would have been the value of the evidence, if it had been received, or even as to whether it might not be such evidence as was subject to other objections to its being received at all. We simply say, that the judgment of foreclosure was no bar to the admission of the evidence. These other questions, were not argued; we were asked not to decide them. Hence as to them, we say nothing.

Judgment reversed.

Judge LUMPKIN was absent during this Term of the Court, on account of indisposition.