Guerin *vs.* Danforth.

———————

Leon Guerin, plaintiff in error, *vs.* Jacob Danforth, defendant in error.

When on the trial of a case substantial justice has been done under the evidence disclosed in the record, although there may have been some errors in the rulings of the Court, the verdict of the jury ought not to be disturbed.

Whether a judgment of foreclosure of a mortgage bars a claimant under purchase from the mortgagor subsequent to the mortgage from setting up defenses which might have been made by the mortgagor, discussed. (R.)

Foreclosure of mortgage. Claim. Statute of Limitations. Before Judge Gibson. Richmond Superior Court. June Term, 1871.

For the facts of this case see the decisions.

JOSEPH P. CARR, for plaintiff *in* error. Judgments only bind parties and privies : 3 Ga. R., 298 ; 22 Ga. R., 349 ; 3 Ga. R., 460 ; 29 Ga. R., 743 ; 27 Ga. R., 64 ; 27 Ga. R., 347 ; 1 Greenleaf's Evidence, 189, 536 ; II. Phillip's Evidence, pp. 14, 16. Persons not parties to suit cannot interpose objections : 3 Ga. R., 174 ; 19 Ga. R., 14 ; 25 Ga. R., 383. Foreclosure at law substitute for foreclosure by bill in equity : 35 Ga. R., 271. All subsequent encumbrancers necessary parties : Story's Eq. Plead., 193, 195. Bar or exception to the Statute of Limitations, what constitutes, question for the Court, but the finding of the facts is for the jury : 6 Ga. R., 486 ; 5 Ga. R., 261.

W. T. GOULD ; FRANK H. MILLER, for defendant. Judgment of foreclosure was conclusive on the mortgagor and those claiming under him : 7 Ga. R., 495 ; 18 Ga. R., 476 ; 25 Ga. R., 330. Statute of Limitations is a personal plea. Evidence admitted without objection not excluded from the consideration of the jury in the charge : 5 Ga. R., 311 ; 19 Ga. R., 404 : Waddail *vs.* Austin & Holliday, decided September 19, 1871. Claimant estopped from pleading Statute of Limitations : 7 Ga. R., 495 ; 22 Ga., R., 348 ; 25 Ga. R., 330. Court in possession of proceedings to foreclose mortgage will do equity : 30 Ga. 775. The verdict for damages was right : 14 Ga. R., p. 27.

WARNER, Chief Justice.

On the 24th day of April, 1861, Raoult executed a mortgage deed to Metcalf on a house and lot in the city of Augusta, to secure the payment of certain described promissory notes therein recited. On the 22d day of March, 1869, Metcalf assigned the mortgage to Danforth. On the 2d day of January, 1865, Guerin and Raoult, who were partners, entered into a written agreement, by which Guerin agreed to pay the balance remaining due·by Raoult for the house and lot, mortgaged as aforesaid. On the 5th day of December,

1867, Raoult, the mortgagor, bargained and sold the mortgaged premises to Guerin.

At the January Term, 1870, of Richmond Superior Court, Danforth filed his petition for foreclosure of his mortgage. Raoult pleaded the Statute of Limitations of 1869, which was overruled by the Court, which decision was not excepted to, and at the January Term of the Court, 1871, the judgment foreclosing the mortgage was rendered. An execution was issued and levied on the mortgaged property, when Guerin interposed his claim thereto. On the trial of the claim case, the plaintiff in the mortgage *fi. fa.* read in evidence an agreement, signed by Guerin, dated 20th May, 1869, in which he promised to pay Danforth, the mortgagor, in consideration of his forbearance to press the collection of the money due on the mortgage for twelve months, $100 per month. It also appears in the record that suit was instituted on the notes described in the mortgage by attachment, on the 16th day of December, 1869, (Raoult being a non-resident of the State,) and levied on the mortgaged property. The jury, under the charge of the Court, found the property subject to the mortgage lien, and ten per cent. damages. A motion was made for a new trial, on several grounds, which was overruled by by the Court, and the claimant excepted.

The principal ground of error insisted on in the argument before this Court was as to the ruling of the Court below in relation to the right of the claimant to plead the Statute of Limitations of 1869, against the judgment foreclosing the mortgage, the Court holding that the judgment of foreclosure was *conclusive* upon that question, as against the mortgagor, and those claiming under him.

If this was an original question before this Court, I should have some difficulty in holding according to the general principles of the law, that the claimant was concluded by the judgment of foreclosure of the mortgage against the mortgagor, he not having been a party to that proceeding. It is true he had notice of the mortgage lien when he pur-

chased the property from the mortagor, and purchased it subject to that lien as it appeared on the face of the mortgage; but the point in the case is, whether he was *concluded* by the judgment of foreclosure against the mortgagor from showing when that judgment interfered with his interest in the property, that the debt which the mortgage was given to secure had been extinguished by payment thereof, or by the Statute of Limitations. If the mortgagor, by negligence or fraud, fails to set up his legal defense to the proceeding to foreclose the mortgage, is the claimant concluded from doing so when not a party to that proceeding? If the mortgagor or his special agent fail to set up any defense, it is not competent for any third person to interpose: Code, 3449, but does the judgment of foreclosure *conclude* those who are not parties to that proceeding, who claim an interest in the mortgaged property? As our mode of foreclosing mortgages on real estate is a substitute for a bill in equity, the safer course would undoubtedly be to make all persons interested in the mortgaged property, parties. In Knowles *vs.* Lawton, (18th Georgia Reports, 476,) this Court held, that a judgment foreclosing a mortgage binds not only the mortgagor, but also his vendee, and this it does, although the vendee may not be a party to it. The case of Johnston *vs.* Crawley (22 Georgia Reports, 348) would seem to hold differently, but that case was decided by two Judges only, and when that same case again came before the Court, all the Judges being present, the principle decided in Knowles *vs.* Lawton appears to have been affirmed: 25 Georgia Reports, 316. The Court says in the the last case cited: "According to the views which we have taken of this case, the mortgagors could not have resisted the foreclosure of the mortgages, and the plaintiff in error cannot occupy a more favorable relation to the case. He purchased the property subject to them, and if he wishes to retain it he must pay the mortgages." The rule, established by the unanimous decision of this Court, as I understand it, is that the judgment of foreclosure of the mortgage

Guerin *vs.* Danforth.

against the mortgagor in this case concluded the claimant who purchased from him subsequent to the date of the mortgage from pleading the Statute of Limitations against that judgment, although he was no party to it, and upon that ground I affirm the judgment of the Court below. The verdict was right upon the merits of the case, (*independent of the Statute of Limitations,*) and although there may have been some errors in the ruling of the Court, substantial justice has been done, and the verdict ought not to be disturbed.

Let the judgment of the Court below be affirmed.

McCay and Montgomery, Judges, concurring.

My brother Montgomery and myself are not exactly prepared to say that the judgment of foreclosure is conclusive against the purchaser, who was no party to the judgment. There seems to us a violation of principle in holding that a judgment against one who has parted with the title at the time the petition for foreclosure is filed should bind the owner of the land, who has no opportunity to have his rights in the premises adjudged. But however this may be, we think the judgment in this case ought to be affirmed; the failure to sue was in pursuance of a contract made by Guerin for the delay, and however the mortgagor might have had a right to complain, Guerin is estopped from taking advantage of an act of indulgence, procured by him and for his convenience. This would be grossly unjust. As he procured the delay, he is estopped from saying it was improperly done. A man cannot blow hot and cold in this way. He must abide by what he has led the plaintiff to do. We think, therefore, the judgment out to be affirmed.