FRANKLIN, REID & COMPANY, plaintiffs in error, *vs.* P. H. NORTON *et al.*, defendants in error.

The remedy provided in section 1970 of the Code, whereby a creditor may contest the existence of a lien of a certain class upon the property of his debtor, is cumulative and intended to point out a mode in which an issue may be made and brought into Court for trial. A judgment creditor who rules the sheriff for money raised by sale of defendant's property, is not obliged to attack a conflicting lien *fi. fa.*, set up in the sheriff's answer in this way, but may attack it as he would any other contesting execution. Hence, if two factor's liens are foreclosed upon the same property, each seeking to subject money in the sheriff's hands raised by sale of the property, one of which is founded on a lien created orally, and the affidavit of one creditor foreclosing the oral lien, does not disclose the date of his lien, and he offers himself as a witness to prove his lien to be older than that of the other creditor, the latter may cross-examine him and show if he can, that the oral contract with the debtor did not create a lien.

Factor's lien. Oral lien. Examination. Rule against sheriff. Before Judge ANDREWS. Wilkes Superior Court. May Adjourned Term, 1872.

Franklin, Reid & Company, factors and commission merchants, obtained a rule against James M. Dyson, deputy sheriff of the county of Wilkes, requiring him to show cause why he should not pay over to the plaintiffs the principal and interest due upon an execution in their favor, against one James C. Newsom of said county, issuing upon the foreclosure of a factor's lien. Said sheriff set forth in his answer an execution against the same defendant in favor of P. H. Norton, which was claiming the proceeds of the cotton levied on and sold under both executions; that Norton's execution was of older date than the plaintiffs'; that respondent was prepared to pay out the proceeds of said cotton as directed by the Court. No issue was formed, but the parties seem to have proceeded informally before the Judge.

P. H. Norton was sworn. He testified that his lien commenced on January 7th, 1871; that it existed only by parol. Counsel for Franklin, Reid & Company proposed to prove by said witness on the cross-examination, the facts concerning the contract between him and said Newsom, for the purpose of showing that the contract or understanding did not amount to a lien. The Court refused to allow cross-examination upon this point, upon the ground that Franklin, Reid & Company could not contest the existence of the lien of said Norton, they not having filed the affidavit provided for in section 1970 of the Code. No further evidence being introduced, and the seniority of Norton's lien, if any existed, not being disputed, the Court discharged the rule, and ordered the money paid over to the Norton *fi. fa.*

Franklin, Reid & Company excepted to the ruling of the Court, in refusing to allow the cross-examination to the extent proposed, and assigns the same as error.

Robert Toombs; S. H. Hardeman; Francis H. Colley, for plaintiffs in error.

W. M. & M. P. Reese, for defendants.

Franklin, Reid & Company *vs.* Norton *et al.*

MONTGOMERY, Judge.

The language of section 1970 of the Code is clearly permissive, in our judgment. Were it doubtful, it would certainly work much inconvenience to construe it otherwise. A plaintiff in *fi. fa.*, who has placed his execution in the sheriff's hands to be levied, may never hear of a conflicting lien *fi. fa.* until the sheriff sets it up in his answer to a money rule as an excuse for not paying the funds over to the plaintiff moving the rule; and the inconvenience would amount to hardship if, as contended, it would then be too late for the movant to proceed under the section.

If, then, the movant in this case was not obliged to contest the conflicting *fi. fa.*, under the section of the Code referred to, could he attack Norton's lien in the mode proposed? It is said he could not, because "the existence of Norton's lien was a question of fact, and, under the law, could only be determined by a jury, whereas the sufficiency of a sheriff's answer to a rule is a question which, under the law, is determined by the presiding Judge." *Non constat* that it was a question of fact. It was created orally, and its terms were what was sought to be shown by the proposed cross-examination. These shown, and there being no dispute as to what they were, it would have been a question of law as to whether a factor's lien was created or not. I gather from the bill of exceptions that no issue of fact was proposed to be raised by the cross-examination. The plaintiffs sought to cross-examine "for the purpose of showing that the said contract or understanding did not amount to a lien."

Besides, if the Court had found facts involved, he could have directed an issue to be formed and referred the parties to a jury : *Foster vs. Rutherford*, 20 *Georgia*, 668; Code, 3878. That the movant of the rule had the right to attack the lien of Norton in the manner proposed, is established by this Court in its ruling upon the analogous case of an attack permitted on a mortgage after the foreclosure, in a contest between the mortgage *fi. fa.* and others—claimants, or general judg-

ment creditors: *Williams vs. Martin*, 7 *Ga.*, 377; *Johnson vs. Crawley*, 22 *Ga.*, 348.

Nor is an attack a collateral one on the judgment, as in the last case it is called in language somewhat inaccurate. The attack is direct: *Kelsey & Halstead vs. Wiley, Parish & Company*, 10 *Ga.*, 371, see page 381.

Judgment reversed.