## HAYNES *vs.* RICHARDSON.

1. In dismissing an affidavit of illegality interposed to a mortgage *fi. fa.*, the ground of dismissal being that the affidavit was returned into court without an order from the judge, it was mere surplusage to add, "with leave to the defendant to apply for such order." Leave to apply thus granted could neither enlarge the legal rights of one party, nor restrict those of the other.

2. In a mortgage *fi. fa.*, the property was not set out as the property of the defendant or mortgagor, and the entire description was in these terms: "the one head of horses, two head of mules, one buggy and harness, one wagon." The *fi. fa.* was properly quashed, on motion of the defendant, for insufficiency of the description.

Practice in the Superior Court. Judgments. Before Judge CRISP. Lee Superior Court. March Term, 1868.

A mortgage execution in favor of Haynes against Richardson, describing the property as set out in the second headnote, was levied upon certain personalty as the property of the defendant. The defendant filed an affidavit of illegality, and also claimed for his family. The two cases were consolidated by consent. The affidavit of illegality was, on motion, stricken, because returned to court without an order for that purpose, as required in §3976 of the Code.

The defendant moved to supplement the judgment of dismissal with these words : " with leave to the defendant to apply for such order." This motion was allowed, and plaintiff excepted.

The execution, in the claim case, was then, on motion of defendant, quashed, because it failed to specify the property sufficiently. To this plaintiff also excepted.

Error is assigned upon each of the above grounds of exception.

S. C. ELAM, for plaintiff in error.

C. B. WOOTEN, for defendant, cited 2 Hilliard on Mort., 408.

BLECKLEY, Justice.

1. An affidavit of illegality to a mortgage *fi. fa.* levied upon personalty, is not prepared for return into court until after the judge who passed the order of foreclosure has ordered the levying officer to postpone the sale, nor until bond with security has been given for the return of the property when called for. Code, §3976. Where the affidavit has been brought into court prematurely, and on that account is dismissed, the defendant either has or has not the right to apply for the omitted order with a view to having the affidavit reinstated. If he has the right, leave to apply is useless; and if has not the right, granting the leave will not confer the right, and the grant is harmless. In either case, such an addition to the order of dismissal is mere surplusage, and cannot benefit one party or injure the other.

2. The description set out in the *fi. fa.* furnished no token or circumstance by which to identify the property, not even naming the person to whom it belonged or as whose property it was to be seized. The best action to take with all such extremes of vagueness and uncertainty, is to pronounce them bad at once, and let them do as little harm as possible. A *fi. fa.* so grossly defective should not be allowed to proceed; and the motion to quash being made by the defendant, and there being no proposition to amend, it was not error to grant the motion.

Judgment affirmed.