## BOSWORTH *vs.* CLARK.

1. In a claim case, if a claimant except to the sufficiency of the execution, the proper motion on his part is to dismiss the levy, or object to the execution as illegal evidence in his case; and not a motion to quash the execution. The claimant's only concern therewith is, that such execution shall not be used against the property claimed.

2. Where the plaintiff made a *prima facie* case to the court for the introduction of the contents of a deed said to be lost, by notice to the claimant to produce the same, and by subpœna *duces tecum* to the defendant in execution, such efforts to produce the paper are sufficient to uphold the legal discretion of the court on the questions of diligence and the admission of the evidence; and if the claimant offer to introduce other deeds from defendant in execution, and his grantee, with a view to show want of diligence in the plaintiff in not issuing subpœnas *duces tecum* for them, such deeds will not be restricted to the mere question of diligence, but will be competent evidence in the entire case, the trial being by consent before the judge alone without the intervention of a jury.

3. Whilst the execution must be put in evidence by the plaintiff in a claim case, yet it constitutes a part of the papers returned to court by the sheriff, and is so far a part of the record as to come up to this court as record and is not required to be embodied in the bill of exceptions.

Claim. Executions. Practice in the Superior Court. Evidence. Practice in the Supreme Court. Before Judge HILLYER. Fulton Superior Court. September Term, 1878.

Clark, as the indorser who had paid off an execution against J. T. Lewis, principal, and T. M. Clark, indorser, in favor of Chandler, caused the same to be levied on certain

land as belonging to the principal. Bosworth claimed.
The case was submitted to the court without a jury, by agree-
ment. On the trial, claimant's counsel moved to quash the
*fi. fa.* on various grounds. The motion was overruled.
Plaintiff's counsel put in evidence a deed from Jones *et al.* to
A. F. Hurt; he then exhibited a subpœna *duces tecum* served
on J. T. Lewis, calling on him to produce a deed from A.
F. Hurt to said Lewis for the premises, and the affidavit of
Lewis that he was not in possession of the deed, and thought
it was lost. Claimant's counsel objected to this showing,
because Lewis was a party, and not subject to the subpœna;
the objection was overruled. Plaintiff's counsel exhibited
a notice to produce this deed, served on claimant, and then
offered secondary evidence of its contents. Claimant's
counsel objected on the ground that proper diligence to
procure the deed had not been used. In support of this
idea he offered two deeds subsequent to the deed sought,
one from Lewis to Bosworth, and one from Bosworth to
Wallace. The court refused to consider them on the ques-
tion of diligence alone, and held if they were introduced for
one purpose they could be used for all purposes, and the *onus*
would be shifted. The court overruled the objection to
the secondary evidence, and admitted it. Possession in
Hurt for more than seven years before sale to Lewis was
shown. Claimant introduced no evidence. The court held
the property subject, and claimant excepted.

The third division of the opinion reports itself.

T. P. WESTMORELAND, for plaintiff in error.

JOHN COLLIER, for defendant, cited on secondary evidence,
Code, §§3508, 3509. On motion to dismiss, 7 *Ga.,* 258;
59 *Ib.,* 781; 6 *Ib.,* 410; 37 *Ib.,* 12; Code, §3939.

JACKSON, Justice.

1. It is not necessary to consider the various objections to

the execution in the view we take of the claimant's motion. Her motion was to quash the *fi. fa.* The motion should have been to exclude it as evidence when it was tendered as such, or to dismiss the levy. In a claim case, the only concern that the claimant has with the execution is to see that it does not touch his property; that it does not proceed illegally against it. Defendant in execution is not a party, and he might be willing for the *fi. fa.* to stand against him, or to be amended, or an *alias* to issue at once. He could move to quash on any legal ground, but not the claimant. His motion ought to be to withhold the *fi. fa.*, or reject it as evidence, or to dismiss the levy. The court was right to refuse the motion to quash the *fi. fa.* at the instance of the claimant.

2. Nor do we think that the court erred in permitting the plaintiff in execution to prove the contents of the deed. The *prima facie* case of its loss was made out when he showed that he had notified the claimant to produce it, and had served the defendant in execution with a subpœna *duces tecum* to have it in court. This showed diligence on his part to get the deed, and we will not control the judge's discretion in pronouncing it sufficient to admit the contents of the paper.

When the claimant made a counter showing, or attempted to do so, by producing other deeds which showed that the defendant had sold and conveyed, and his grantee also had sold and conveyed, so that the proper custodian of the deed was not served with a subpœna *duces tecum*, the presiding judge did not err in ruling that those deeds, thus tendered and exhibited to him—he trying the case as judge and jury both—could be and should be considered evidence in the case for all purposes.

3. A motion was made to dismiss the bill of exceptions on the ground that the evidence was not embodied in the bill of exceptions, the execution which was levied and essential to condemn the property being left out, and

coming up in the record only as part thereof. We think that the execution is evidence, and must be put in evidence, and such has ever been the practice so far as I remember; but still it is also a paper which the sheriff must return to court with the affidavit and claim bond (Code, §3736); and therefore it may well be considered a part of the record in the case, and may come up to this court as part of the record, and need not also appear in the bill of exceptions, although no motion was made for a new trial, but the case comes up solely on exceptions. We decline to dismiss this bill of exceptions for this reason, but we affirm the judgment for the reasons previously stated.

Judgment affirmed.