## GUNN *vs.* JONES, president.

1. A mortgage *fi. fa.* should follow the judgment of foreclosure, which in turn should follow the mortgage.

(*a.*) A mortgage dated Februry 24th, 1871, described the realty covered thereby as follow: "The plantation in said county of Calhoun owned by me and occupied by myself, containing 485 acres, more or less, situated near Whitney, Doctor Cheney and John Davis, B. C. Mitchell & Co." The *fi. fa.* founded thereon described the land thus: "The plantation containing 485 acres, more or less, situated near Whitney in said county, the property of W. A. Hatcher, described and conveyed in a certain indenture of mortgage, bearing date the 24th day of February, 1871." The levy differed from the *fi. fa.* only in describing the land as in the fourth district of Calhoun county:

*Held*, that the description in the *fi. fa.* and entry of levy was not sufficient.

2. The transfer of a mortgage will not be rejected from evidence because attested by only one witness.

3. A discrepancy between the amount of a debt and the amount stated in the mortgage to secure the same may be explained by parol; but a draft having no apparent connection with a mortgage will not be admitted without explanation.

4. When mortgaged property is levied on under a judgment of foreclosure, and a claim is interposed, the plaintiff in *fi. fa.* must prove title in defendant at the date of the mortgage, or make out a *prima facie* case by proof of possession in the mortgagor at that time, before the claimant is put upon exhibition of his title.

Executions. Judgments. Mortgage. Evidence. Claim. Title. Before Judge WRIGHT. Calhoun Superior Court. September Adjourned Term, 1880.

The facts are stated in the head-notes and decision.

J. J. BECK; KENNON & HOOD, by brief, for plaintiff in error.

C. B. WOOTEN, for defendant.

CRAWFORD, Justice.

A mortgage *fi fa.* in favor of J. E. Jones, president, etc., was levied upon 485 acres of land as the property of W. A. Hatcher. John M. Gunn filed a claim to lot No. 8 as being a part of the land upon which the levy was made.

Upon the trial of the claim the jury found the land subject to the *fi. fa.*

Gunn made a motion for a new trial which was refused, and he assigned that refusal as error.

The grounds of the motion which are necessary to be stated here are—

(1.) Because the court refused to quash the *fi. fa.* for insufficient description of the land levied upon, or to dismiss the levy because the same was not sufficiently certain to identify it.

(2.) Because the court admitted the mortgage as evidence, the same being transferred and attested by only one witness, and not under seal.

(3.) Because the draft for $1029.85 was permitted to go in evidence, though it bore date February 2d, 1872, and the mortgage was to secure a draft for $789.60, dated February 24th, 1871.

(4.) Because the court erred in charging the jury that the plaintiff might show that the property was defendant's by showing paper title at the time of the mortgage, or at any time subsequent to the rendition of the judgment, or before the levy, or at the time. The law presumes title if possession is shown in defendant in *fi. fa.* at any time after the date of the mortgage, or at the time of the levy, or at any time between the date of the mortgage and levy.

1. The first question made in these grounds for our decision is as to the description of the property in the *fi. fa.* and in the levy.

The *fi. fa.* commands the sheriff—" That of the plantation containing 485 acres, more or less, situated near Whitney in said county, the property of W. A. Hatcher,

described and conveyed in a certain indenture of mortgage, etc., you cause to be made," etc.   The levy follows the description in the *fi. fa.*, inserting "in fourth district of Calhoun county," in place of the words " in said county."

We think that the *fi. fa.* should have followed the mortgage itself, and described the property as it is presumed to have been described in the judgment of foreclosure.   It does not follow the mortgage in the description, but whether it follows the judgment of foreclosure we have no means of knowing, as it does not appear in the record.

The levy does not any more clearly show what plantation was levied on than the *fi. fa.* except that it locates it in the fourth district of Calhoun county, and the judgment in the claim case is against land in the third district of Calhoun county.   We hold that the description in each of these papers is imperfect, taken in the light of that description contained in the mortgage, out of which they must spring, and with which they should correspond.

2. The objection to the admission of the mortgage in evidence, because the transfer on it was attested only by one witness, and was not executed under seal, was without legal merit, and therefore properly overruled.

3. That the draft of $1,029.85, which accompanied the mortgage and was admitted with it in evidence, should have been allowed, is not by any means clear to us.   The mortgage provided for the payment of a draft, dated February 24th, 1871, for $789.85 to be paid November 1st, 1871.   The draft for $1,029.85 bears date February 2d, 1872; its connection, therefore, with the mortgage is not made relevant by the other testimony.   It is true that a discrepancy between the amount of the debt and the mortgage may be explained by parol, even where it originated by mistake, and with stronger reason where it is within the contract, as this may be, though not so shown.   25 *Ga.*,383.

4. The error complained of in this charge is, that the court instructed the jury that the plaintiff might show

that the property was the defendant's, by showing *title* in him at the time of the mortgage, or at any time after judgment, or before or at the time of the levy, and that possession by defendant at any time after the date of the mortgage, or at the date of the levy, would be sufficient.

We do not understand the law to be as given in these instructions.

"When mortgaged property is levied upon under a judgment of foreclosure, and a claim is interposed, the plaintiff in *fi. fa.* must prove title in defendant at the date of the mortgage or make out a *prima facie* case by proof of possession in the mortgagor at that time, before the claimant is put upon exhibition of his title.   *7 Ga.*, 495."

For these errors in the rulings of the court the new trial should have been granted.

Judgment reversed.      •