MORTON, BLISS & COMPANY *vs.* GAHONA *et al.*

1. In a claim case, if the execution be insufficient, the proper motion on the part of the claimant is to dismiss the levy or to exclude the *fi. fa.* from evidence. His only concern is that the execution shall not proceed against his property; and a motion to quash the same does not lie in his mouth.

2. Where a mortgage on certain lumber, rosin and cotton shipped on board a vessel known as the "Juanita Clar" was foreclosed, and the *fi. fa.* directed the sheriff "that of lumber, rosin and bales of cotton now on board the 'Juanita Clar,' lying in said county, you cause" etc., the description in such *fi. fa.* was insufficient.

3. An execution issued on the foreclosure of a mortgage on realty should show upon whose property it is directed to be levied.

April 24, 1883.

Practice in Superior Court. Executions. Claims. Mortgage. Before Judge TOMPKINS. Chatham Superior Court. June Term, 1882.

Reported in the decision.

J. J. ABRAMS; S. YATES LEVY, for plaintiffs in error.

CHARLTON & MACKALL, for defendants.

JACKSON, Chief Justice.

On April 28th, 1882, plaintiffs in error foreclosed in the court below as a mortgage on personalty the following instrument in writing:

Morton, Bliss.& Company *vs* Gahona *et al*.

"SAVANNAH, April 25th, 1882.

"Received from Octavus Cohen & Company, agents for Morton, Bliss & Company, eight thousand five hundred dollars on account of sterling. exchange on Mildred Gageweek & Company, arising from shipment and measures taken preparatory to the shipment of lumber, rosin, and bales of cotton, per "Juanita Clar," for Mahan, Spain, which cotton is covered by policies of insurance against fire and marine risks, and which policies and cotton are hereby bound and pledged specially to Morton, Bliss & Company, for the fulfillment of the contract to furnish exchange agreed to, and for the money here advanced in case of non-completion of the contract for any cause.

[Signed]                     GABRIEL J. GAHONA.
Signed in presence of
        OCTAVUS COHEN.

"GEORGIA—Chatham County.

"Personally comes Octavus Cohen, who on oath says, that he saw Gabriel J. Gahona sign the within named lien.

[Signed]                     OCTAVUS COHEN.

"Sworn to and subscribed before me, Savannah, April 28th, 1882.

[Signed]                     SIGMUND ELSINGER,
                         *N. P. and E. O. J. P.*"

The mortgage aforesaid was certified as being recorded April 28th, 1882. The affidavit for foreclosure was in the usual form and correct. Upon the affidavit being filed with the mortgage annexed, the clerk issued an execution of which the following is a copy:

"STATE OF GEORGIA—Chatham County. *Fi. fa.*

To all and singular the sheriffs and coroners of this state, authorized by law, greeting:

You are hereby commanded, that of lumber, rosin, and bales of cotton, now on board the "Juanita Clar," lying in said county, you cause to be levied, and will sell sufficient thereof to satisfy the principal sum of eight thousand five hundred dollars, with interest from April 25, 1882, which J. J. Abrams, as attorney for Morton, Bliss & Company, on the 28th day of April, in the year eighteen hundred and eighty-two, swore to be due to said Morton, Bliss & Company, on a mortgage made by said G. J. Gahona to said Morton, Bliss & Company, the affidavit for foreclosure being of file in clerk's office, and also the sum of three dollars, seventy-five cents, which to the said plaintiff was adjudged for costs and charges, in this behalf expended, whereof

the said G. J. Gahona and said lumber, rosin, and bales of cotton, convicted as appears of record; and have that money before the said court, on the first Monday in June next, to render to the said plaintiff for debt and costs aforesaid; and have then and there this writ.

Witness—The Honorable H. B. Tompkins,

*Judge of the Said Court.*

This 28th day of April, in the year of our Lord one thousand eight hundred and eighty-three.

J. J. Abrams, *Plaintiff's Attorney.*"

James K. P. Carr, *Deputy Clerk.*

[Seal.]

Upon said *fi. fa.* is the following entry:

"Savannah, May 6th, 1882

" I have this day levied the within *fi. fa.* on one hundred and six bales of cotton on board the "Juanita Clar" as the property (cotton) described in the within *fi. fa.*, and have placed a watchman in charge of the same.

The return of             John T. Ronan, *Sheriff C. C.*"

On May 6, 1882, a claim to the property levied on was filed in regular form by Juan Clar, and upon the filing of the same, the sheriff delivered the property levied on to the claimant.

On July 11, 1882, at the June term of court, the claim case came on to be heard, and the claimant moved to dismiss the levy upon the following grounds:

(1.) Because the description of the property mentioned in said execution is vague, uncertain, and insufficient.

(2.) Because the execution does not show upon whose property the same is to be levied.

Upon the filing of said motion, the court below dismissed the levy, and plaintiffs in error filed their bill of exceptions.

1. We think that the court below was right to dismiss the levy. It did not lie in the mouth of the claimant to move to quash the execution. It only concerned him that the execution should not touch his property. 62 *Ga.*, 286.

2. The description of the property in the execution is

v 70–37

wholly insufficient. It is, "you are commanded that of lumber, rosin, and bales cotton, now on board the ' Juanita Clar,' lying in said county, you cause," etc., without even using the definite article "the." What lumber, what rosin, what cotton? What portion of each? Of it, you must make the money, but of which of it? It does not specify at all. 61 *Ga.*, 390.

3. The execution should also show upon whose property it was directed to be levied. See same case; also Freeman on Executions, §42.

Judgment affirmed.