### SMITH *vs.* McPHERSON.

Where a landlord foreclosed a lien against his tenant, and the *fi. fa.* issued thereon was levied on the latter's property, and it was sold, and the money arising therefrom was in the hands of the constable, it was too late for a judgment creditor of the tenant to file a counter-affidavit to the foreclosure under §1991 of the code. The creditor's remedy was to claim the money arising from the sale.

December 21, 1886.

Landlord and Tenant. Liens. Debtor and Creditor. Money Rule. Before Judge HARRIS. Carroll Superior Court. April Term, 1886.

Reported in the decision.

O. J. WALKER; COBB & COBB, for plaintiff in error.

OSCAR REESE, for defendant.

BLANDFORD, Justice.

E. H. McPherson foreclosed a landlord's lien ag st Robert Gresham, and execution issued thereon and was levied on tenant's property, which was sold, and the money was in the hands of the constable. E. W. Smith placed an execution in his favor against Gresham in the constable's hands, and claimed the money. Smith then, as creditor, filed a counter-affidavit, contesting the claim of the landlord, McPherson. The court dismissed the counter-affidavit as coming too late, and this is the error assigned in this court.

If the counter-affidavit had been filed before levy of the execution issued upon the landlord's foreclosure of his lien for advances and supplies, and before the sale of the tenant's property, this execution would then be *mesne* process, under the decision of this court in 65 *Ga.* 444, and *Cosgrave vs. Mitchell*, decided at February term, 1885 (74 *Ga.* 824). If the property be sold before the interposition of the counter-affidavit, then the process is final. 69 *Ga.* 736; 34 *Ga.* 180. The creditor, under section 1991 of the code, could not interpose a counter-affidavit if the debtor could not, and the debtor could not after sale of his property after foreclosure and under execution issued thereon, but the creditor must look to the money. 47 *Ga.* 643; 73 *Ga.* 238. The plaintiff in error should have contested with the landlord as to the money upon rule against the officer who held it, and he could, in that proceeding, have shown anything that entitled him to the money as fully as he could in any issue raised on his counter-affidavit.

Judgment affirmed.