## PARIS *v.* CITIZENS BANKING COMPANY *et al.*, and *vice versa.*

Where it appeared in a money rule that the fund in the hands of the sheriff was the proceeds of a sale made by him under certain mortgage fi. fas. and an execution issued upon the foreclosure of a laborer's lien claimed by the movant as a salesman and laborer in the store of the common debtor, it was error for the court to dismiss a petition of the mortgagee, upon the ground that it did not seek to make the mortgagee a party to the rule and raised no issue in the case, and to direct that the money be;

paid to the movant, when such petition set forth a claim to the fund, alleged that the movant " in the discharge of his duties as such clerk . . performed no labor such as would entitle him to a lien under the law," and prayed that the fund be paid petitioner as a credit on its mortgage fi. fas.

Submitted November 18, — Decided December 15, 1898.

Certiorari.    Before Judge Smith.    Dodge superior court. May 27, 1898.

Sam Paris ruled Rogers, sheriff, in the county court, requiring him to show cause why he should not pay to movant $300.00, the amount of an execution in movant's favor issued upon the foreclosure of a laborer's lien against B. S. Paris, which had been placed in the sheriff's hands. The sheriff answered, that under said execution and two mortgage fi. fas. in favor of the Citizens Banking Co. against B. S. Paris and a certain stock of goods, he had sold the stock of goods for $1,101.00, and had paid over the proceeds of the sale to the plaintiff in the mortgage fi. fas., except $300.00 which he had held up subject to the order of the court under the rule served upon him; and prayed for proper direction by the court as to the distribution of the fund, and for discharge. On the hearing in the county court, movant in the rule put in evidence his affidavit to foreclose his lien for labor, the execution issued thereon, the levy entered upon the same, and closed. The affidavit stated that B. S. Paris was indebted to affiant in the sum of $300.00, for that on January 1, 1897, "B. S. Paris had hired deponent as a salesman in his store in the town of Eastman, Ga., and [as a] laborer, the duties of which employment required deponent to sell goods at stipulated prices fixed by certain selling-marks, to exhibit same to customers, wrap up such packages as were sold, keep the store cleaned out, swept, and the shelves and counters dusted, carry water, build fires in the storehouse when necessary, polish and clean show-cases and windows, open cases of goods, and place them on the shelves, also delivering packages to customers in various parts of the town, acting then as errand boy, for which said B. S. Paris was to pay deponent $25.00 per month," etc. When the plaintiff in the rule closed, the county judge called the attention of counsel representing the mortgage fi. fas. to the fact that no issue had been formed.

in the case, and that there was nothing left to be done except to order the sheriff to pay over the fund in his hands to the movant in the rule. The attorneys for the mortgagee then presented a petition which recited that the stock of goods had been sold under the mortgage fi. fas., "and that before a settlement with the sheriff had been made, a rule had been served upon him to hold in his hands, subject to the order of court, $300.00 to be applied to a lien claimed by Sam Paris, for labor done and performed as clerk in said store of B. S. Paris, the balance except the costs having been paid to plaintiffs. Petitioners aver that in the discharge of his duties as such clerk the said Sam Paris performed no labor such as would entitle him to a lien under the law; and upon this petitioner prays a judgment of the court, and an order directing the sheriff to pay to your petitioners the said $300.00 to be entered as a credit upon their said mortgage fi. fas., and that they may have a judgment for costs in this proceeding against the said Sam Paris." This petition was dismissed by the judge of the county court, on motion of counsel for movant in the rule, and the fund awarded to Sam Paris. The ground for dismissal was, that the petition did not pray that the petitioner be made a party, and that it raised no issue in the case. The banking company sued out a writ of certiorari, and in the superior court the certiorari was sustained and the case remanded to the county court for another hearing. To this judgment Sam Paris excepted, alleging that it was contrary to law and the evidence. The sheriff and the Citizens Banking Co. filed a cross-bill of exceptions, alleging error in the judge's refusal to render a final judgment.

*Roberts & Milner*, by *Harrison & Bryan*, for plaintiff in error. *J. E. Wooten* and *W. M. Clements*, contra.

Fish, J. The judge of the county court erred in striking the petition of the plaintiff in the mortgage fi. fas. upon the ground that no parties were made or issue formed in the rule proceedings, and the judge of the superior court was correct in sustaining the certiorari and sending the case back to the county court for another hearing. Under section 4776 of the Civil Code, "all persons interested who are notified in writing by

the sheriff, or movant, of the pendency of the rule, will be bound by the judgment of distribution." Such notice makes them parties, and they will therefore be bound by whatever judgment may be rendered. Parties interested may, however, waive the notice which is provided for their benefit, and come into court and by appropriate pleadings set forth the ground of their claim to the fund. The plaintiff in the mortgage fi. fas. in this case took notice of the rule proceeding, and was in court with a petition setting forth its claim to the money in the hands of the sheriff, and asking for a judgment directing him to pay the fund to petitioner to be credited on the mortgage fi. fas. We think that such action on the part of this petitioner was as effectual in making it a party to the rule as would have been a written notice of the pendency of the rule given it by the sheriff or the movant. It was alleged in the petition, "that in the discharge of his duties as such clerk the said Sam Paris performed no labor such as would entitle him to a lien under the law, and upon this petitioner prays a judgment of the court." We are of opinion that this allegation made an issue which would have authorized the plaintiff in the mortgage fi. fas. to have submitted evidence for the purpose of showing that the movant in the rule did not, under his contract of employment, perform such services as would entitle him to a laborer's lien under the statute. The goods were sold under the banking company's fi. fas. and the execution in favor of Sam Paris, and it was too late after the sale for the banking company to file a counter-affidavit to the foreclosure of the laborer's lien claimed by Sam Paris, but, upon the rule, it could contest with him for the proceeds of the sale in the sheriff's hands, and in that proceeding show anything that entitled it to the money, as fully as it could have done in any issue raised by counter-affidavit prior to the sale. *Smith* v. *McPherson*, 78 *Ga.* 84. The judge of the county court did not really pass upon any contest between the banking company's mortgage fi. fas. and the lien claimed by Sam Paris, but dismissed the petition which sought to bring about such a contest, upon the ground that the petition did not seek to make the banking company a party to the rule proceedings and that no issue was

made. As we have already said, it was proper for the judge of the superior court to remand the case to the county court for another hearing. It results that the judgments complained of in both bills of exceptions should be

> *Affirmed. All the Justices concurring.*