## OSBORNE *v.* RICE.

1. The description of the land intended to be mortgaged and upon which the sheriff attempted to levy the mortgage execution was, both in the mortgage itself and in the execution, too uncertain to identify the premises.

2. As the mortgage relied on by the plaintiff in fi. fa. was void for uncertainty, and the claimant, whose title was derived through the mortgagor, had an undoubted right to attack the mortgage as void because of such uncertainty, the court erred in directing a verdict for the plaintiff.

Submitted March 21,—Decided April 21, 1899.

Levy and claim.　Before Judge Reese.　Hart superior court. March term, 1898.

*Asbury G. McCurry*, for plaintiff in error.
*J. H. Skelton, J. N. Worley* and *O. C. Brown*, contra.

LUMPKIN, P. J.　1.　Upon a mortgage fi. fa. in favor of Peter V. Rice against Robert M. Johnson, executor of the estate of Sarah A. Rice, defendant in execution, the sheriff made an entry purporting to show a levy upon land.　A claim was interposed by Francis A. Osborne.　On the trial of the issue thus formed, the plaintiff tendered in evidence the mortgage upon which his execution was based, and also the execution itself with the entry of levy thereon.　These documents were objected to on the ground that neither the mortgage nor the execution nor the entry of levy sufficiently described the land sought to be subjected.　The objection was overruled, and the papers were admitted.　The description set forth in the mortgage was as follows: "all that tract or parcel of land situate, lying and being in the county aforesaid, on the waters of South Beaverdam creek, adjoining lands of Peter Rice and Sarah A. Rice, to be run off the lower end of my tract of land formerly owned by Robert Steel, containing ten acres of the remainder to be up land, in all twenty acres, more or less."　The mortgage execution undertook to describe the premises in substantially in the same language.　The entry of levy described the land sought to be seized as "one tract of land in 1113 Dist. G. M. of Hart Co., Ga., adjoining lands of P. V. Rice and Sarah Rice, to be run off of the lower end of tract of land formerly owned by Robert Steel, containing (20) twenty acres, ten bottom land lying on South Beaverdam creek & ten

acres of up land." We are sure it would be impossible for the levying officer to locate the property, either by the description contained in the mortgage or by that set forth in the execution. That he was in fact unable to identify the mortgaged premises is evident by the uncertainty and vagueness of his entry of levy. While this court has gone to a considerable length in holding descriptions of land in deeds, mortgages, and entries of levy sufficient, when it appeared practicable to identify and locate the premises, we do not think it has ever gone to the extent of sanctioning as sufficient descriptions as loose and vague as those with which we are now dealing. It is indispensable in every case that the words employed in describing realty should be clear and distinct enough to enable a reasonably intelligent person to apply the description to the subject-matter. In the present instance, we do not think even a most astute individual would be able to locate the property intended to be mortgaged. Certainly, the record of the mortgage now under consideration would not afford notice to any one of the premises upon which a lien was sought to be created. Our conclusion, therefore, is that the court erred in not rejecting the mortgage and the execution.

Unquestionably, a claimant may, by a motion to dismiss the levy, take advantage of the fact that the judgment upon which the plaintiff in execution relies is a mere nullity, when this fact appears on the face of the record of the proceedings upon which such judgment was rendered. *Hines* v. *Kimball*, 47 *Ga.* 588; *Krutina* v. *Culpepper*, 75 *Ga.* 602; *Gazan* v. *Royce*, 78 *Ga.* 512; *Dixon* v. *Williams*, 82 *Ga.* 108; *County* v. *Thompson*, 83 *Ga.* 270. Or, at his option, the claimant may urge his objection to the introduction in evidence of the record of such proceedings, or move to exclude the plaintiff's execution, if offered by itself, whenever it appears that the same is for any reason void, thus rendering it impossible for him to make out his case. *Phillips* v. *Hyde*, 45 *Ga.* 220; *Williams* v. *Atwood*, 52 *Ga.* 585; *Freeman* v. *Binswanger*, 57 *Ga.* 160; *Bosworth* v. *Clark*, 62 *Ga.* 286; *Morton* v. *Gahona*, 70 *Ga.* 569; *Gazan* v. *Royce*, just cited. As to whether or not one filing a claim is also at liberty to attack the entry of levy on the ground that it is void for uncer-

tainty, the decisions of this court do not seem to be altogether harmonious. *Cohen* v. *Broughton*, 54 *Ga.* 296; *Fambrough* v. *Amis*, 58 *Ga.* 519; *Oatis* v. *Brown*, 59 *Ga.* 711; *Scolly* v. *Butler*, Ibid. 849; *Zimmer* v. *Dansby*, 65 *Ga.* 91; *Crine* v. *Tifts*, Ibid. 645; *Gunn* v. *Jones*, 67 *Ga.* 398; *Pearce* v. *Renfroe*, 68 *Ga.* 194; *Hudspeth* v. *Scarborough*, 69 *Ga.* 777; *Smith* v. *Camp*, 84 *Ga.* 117. Certain it is, however, that " A claimant has the right to show that the execution which is levied on the property claimed by him is void or inoperative as a valid process." *Smith* v. *Lockett*, 73 *Ga.* 105, citing previous decisions. This is so irrespective of the question whether he is estopped from asserting that no lawful levy has been made, as was distinctly recognized in *Pearce* v. *Renfroe*, supra, wherein the rule was announced that: " The interposition of a claim commits the claimant to the fact of the making a levy, but not to the legality of the process under which it is made."

Prior to the passage of the act of September 7, 1891 (Acts of 1890–1, p. 76), while an execution which did not follow the judgment upon which it was founded might be " amended so as to conform " thereto, yet the law in terms provided that " if such fi. fa. be levied at the time of the amendment, such levy must fall." Code of 1882, § 3495. That act expressly repealed the clause last above quoted, and introduced in lieu thereof the provision that " such amendments shall in no manner affect the validity of the fieri facias, nor shall the levy of said fieri facias fall or be in any manner invalidated thereby." Civil Code, § 5114. But it by no means follows from this change in the law that an execution which does not conform to the judgment upon which it was issued will, until duly amended, be admissible in evidence against a claimant who makes timely and proper objection to its introduction. In the case at bar, it does not appear that even were the plaintiff's execution amended so as to conform to the judgment of foreclosure, the obviously fatal defect in his execution would be cured. Presumably it followed the terms of the judgment upon which it was issued. But however this may be, no offer to amend was in fact made, notwithstanding the execution was upon its face void for uncertainty.

2. The mortgage relied on by Rice, the plaintiff in execution, was dated August 2, 1880, and it was conceded at the trial that the mortgagor was the owner of the premises in question at the time this instrument was executed. The fi. fa. under which the sheriff attempted to make a levy was dated September 30, 1896, and purported to have been issued upon a judgment of foreclosure rendered on the 23d day of that month. Accordingly, in view of the fact that, notwithstanding the loose and insufficient description of the premises contained in the mortgage, a foreclosure thereof would be conclusive upon the defendant in execution, if the judgment itself was sufficiently definite and specific to be capable of enforcement, the contrary of which does not appear, it is, perhaps, safe to say that the plaintiff made out a prima facie case. See, in this connection, *Butt* v. *Maddox*, 7 *Ga.* 495; *Johnston* v. *Crawley*, 22 *Ga.* 348; *Gunn* v. *Jones*, 67 *Ga.* 398; *Morris* v. *Winkles*, 88 *Ga.* 717; *McCommons* v. *English*, 100 *Ga.* 655. On the other hand, however, the claimant introduced evidence to show that on December 7, 1886, Sarah A. Rice, the mortgagor, executed and delivered to one Hammett a security-deed covering the land in controversy; that he subsequently conveyed the same to the Western Security Co., and that on May 2, 1893, it executed a deed conveying the land to Johnson, as the executor of the estate of Mrs. Rice, the purpose of this last conveyance being to put the title to the premises in her legal representative, in order that the same might be levied on and sold in satisfaction of a judgment that company had obtained upon certain notes signed by her and transferred to it by Hammett, to secure the payment of which she had executed and delivered to him the security-deed first above mentioned. It was further shown that a sale of the land was regularly had under an execution issued upon this judgment, Osborne (the claimant) becoming the purchaser, and that on August 18, 1893, the sheriff made to him a deed to the premises. It will therefore be seen that Osborne holds directly under Mrs. Rice, the mortgagor; and accordingly, it is his undoubted right to attack as invalid and inoperative the mortgage relied on by the plaintiff in execution. *Morris* v. *Winkles*, supra. Osborne did, it is true,

take subject to that instrument; but, as has been seen, it was void for uncertainty and really created no lien whatever upon the land sought to be mortgaged. In no sense was he bound by the judgment of foreclosure, not being a party thereto, and the title under which he claims not having been acquired pending the foreclosure proceeding instituted by the plaintiff in execution. On the contrary, it is now well settled that: "One who purchases mortgaged property prior to the commencement of statutory proceedings to foreclose, and who is not a party to such proceedings, is not bound by the judgment of foreclosure, and may, when the mortgage fi. fa. is levied, go behind the judgment and set up that the mortgage" could not be legally enforced as against him, whenever this is necessary and proper to establish the claim of title upon which he relies. *Williams* v. *Terrell,* 54 *Ga.* 462, overruling *Knowles* v. *Lawton,* 18 *Ga.* 476, and citing approvingly *McDougald* v. *Hall,* 3 *Kelly,* 174, *Jackson* v. *Stanford,* 19 *Ga.* 14, *Howard* v. *Gresham,* 27 *Ga.* 347, and *Baker* v. *Shephard,* 30 *Ga.* 707. See, also, *Johnston* v. *Crawley,* 22 *Ga.* 348, s. c. 25 *Ga.* 316; *Guerin* v. *Danforth,* 45 *Ga.* 493.

In view of the foregoing, it is apparent that the trial judge committed grave error in directing a verdict for the plaintiff in execution. *Judgment reversed. All the Justices concurring.*