A. J. WILLIAMS & COMPANY, for use, plaintiffs in error, *vs.* NANCY S. TERRELL, executrix, defendant in error.

One who purchases mortgaged property, prior to the commencement of statutory proceedings to foreclose, and who is not a party to such proceedings, is not bound by the judgment of foreclosure, and may, when the mortgage *fi. fa.* is levied, go behind the judgment and set up that the mortgage was barred by the statute of limitations at the date of the filing of the petition to foreclose.

Mortgage. Statute of limitations. Judgments. Before Judge BARTLETT. Morgan Superior Court. September Adjourned Term, 1874.

The mortgage in this case was executed on May 7th, 1860. Proceedings to foreclose were instituted on May 7th, 1870. Claimant's testator acquired title to the property in controversy after the execution of the mortgage but before the commencement of the proceedings to foreclose. She sought to set up the statute of limitations of March 16th, 1869. This

the court permitted over the objection of plaintiffs in *fi. fa.*, and to this ruling they excepted.

A. G. & F. C. FOSTER, for plaintiffs in error.

BILLUPS & BROBSTON, for defendant.

McCAY, Judge.

This case turns upon the sole question as to whether the judgment of foreclosure against the mortgagee concludes the claimant.   Under our Code, a mortgage may be foreclosed either by personal service on the mortgagor or by publication.   It is expressly provided (section 3965,) that if neither the mortgagor, nor his special agent or attorney, sets up any defense, it shall not be competent for any third person to do so. It follows, therefore, that this claimant, not only was not a party to the proceeding to foreclose, but that it was not competent for him, on his own motion, to have appeared and defended. Can it be possible that it was the intent of· the law that one not a party, should·be absolutely bound by a judgment against a third person, declaring this land to be subject to the mortgage, fixing the amount of it, declaring it still to be subsisting, etc., and that, too, when at the date of the proceedings the mortgagor had parted with all interest?   It must be admitted that the decisions of this court leave the subject in some doubt; in other words, they cannot be reconciled.   In 3 *Kelly*, 174, the court, in pretty plain language, declares that one occupying the position of the claimant could be heard when it was attempted to enforce the judgment of foreclosure against him, whilst in 18 *Georgia*, 476, it is expressly decided that the judgment is conclusive that the purchaser bought the land subject to the judgment the mortgagee might afterwards obtain against the mortgagor on foreclosure. In 19 *Georgia*, 14, it is plainly and distinctly decided the other way, to-wit: that the purchaser might go behind the judgment and attack the validity of the original mortgage. It is true, only two judges sat in this case, though one of

them, Judge BENNING, delivered the opinion in 18 *Georgia*, 476. It is said by Judge WARNER, in *Guerrin vs. Danforth*, 45 *Georgia*, 493, that this case seems to have been differently decided when it came again before the court in 22 *Georgia*, 22. But on looking closely into the case, it seems that it turned not on the *right* to defend, not on the conclusiveness of the judgment, but on the validity of the defense. The parties had gone into the defense, and the decision was that the defense, as made out, was not a good one, so that this case in 22 *Georgia Reports* is rather an authority for than against *the right* to go behind the judgment. It is decided in 27 *Georgia Reports*, 347, that the purchaser is not concluded by the judgment, and again in the 30*th Georgia Reports*, 707, so that the decisions seem to be five to one in favor of the right of the claimant to go behind the judgment, and, on principle, this would seem to be right. It is a general rule, that the acts or admissions of one who has parted with his title at the time of the acts or admissions are not evidence against the purchaser: *Settle vs. Allison*, 8 *Georgia Reports*, 201; *Gill vs. Shorter*, 32 *Ibid*, 688. If this be so, is it not anomalous to say that a mortgagor who has parted with his title and has no longer any interest in the land, should, by his acts, confessions or neglect, be able to charge it conclusively by a judgment? In Walgrove *vs.* Spence, 20 Wendell, 260, it is held that a decree in chancery against the mortgagor foreclosing the equity of redemption, does not bind a purchaser from the mortgagor before the filing of the bill. The court says, that to bind one by a judgment he ought to be a party or a privy to it. A vendee is never bound except by acts done by his vendor *before* his purchase. He buys subject to all his vendor has done. But after the title has passed out it would seem contrary not only to all rule, but to the principles of justice to make it competent for the vendor, by *any* act of his, to conclude the purchaser. This, it will be remembered, is not a judgment against the *mortgagor*. It is a *quasi* judgment *in rem*, a judgment as against the mortgagor, that the land is subject to the mortgage, and that it, the mortgage, is

a present subsisting charge on it. What security has the claimant that the judgment is right? The mortgagor did not have any possible interest in preventing the judgment. He had parted with all interest in the land, and the judgment did not bind him personally. On the whole, we feel bound to decide that the judgment does not conclude the purchaser who has bought before the commencement of proceedings to foreclose. If the mortgagee wishes *to bind* him he must make him a party. Perhaps to do this he may have to file a bill. But unless this be done the purchaser may resist the judgment by any defense the mortgagor would have had.

Judgment affirmed.