THOMAS J. MITCHELL, plaintiff in error, *vs.* E. L. BRASWELL, defendant in error.

1. A justice of the peace cannot render a legal judgment for more than $50.00, within less than twenty days from the date of the summons. A judgment so rendered is void.

2. The fact that the parties interpleaded and made no objection as to the time of trial, does not cure the defect. The justice had no authority to try the case on the day on which judgment was rendered, and everything then done was void.

Justice Courts. Practice. Judgments. Jurisdiction. Waiver. Before Judge RICE. Gwinnett Superior Court. March Term, 1877.

Reported in the decision.

JOHN A. WIMPEY, for plaintiff in error.

WINN & SIMMONS, for defendant.

WARNER, Chief Justice.

It appears from the record in this case, that Mitchell sued Simmons in a justice court, on an account for $75.75. Simmons pleaded as a set-off, an account against Mitchell for the sum of $158.28. On the trial of the case, the justice gave a judgment in favor of the defendant against the plaintiff, for the sum of $100.00, upon which an execution issued for that amount, which was assigned to Braswell, and levied on Mitchell's property. Mitchell filed an affidavit of illegality to the execution, in which he alleged that the judgment on which the execution issued was void, on the ground that the justice had no jurisdiction of the case to render it at the time and place he did. The justice overruled the affidavit of illegality, and Mitchell appealed to the superior court. On the trial of the appeal in the superior court, there was a verdict in favor of the plaintiff in *fi. fa.*, whereupon Mitchell, the defendant, made a motion for a new trial, on the several grounds therein stated, which was overruled by the court, and the defendant excepted.

It appears from the evidence in the record, that the original summons issued by the justice, which was the foundation of the suit between the parties, was dated 10th of January, 1872, requiring the defendant to appear at Norcross,

on the fourth Saturday in this month, (January,) by ten o'clock, A.M., to answer the plaintiff's demand, etc. It also appears from the evidence, that the fourth Saturday in January, 1872, was the 27th day of that month, so that there were only seventeen days from the date of the summons to the day the defendant was required to appear in the justice court, and the question is, did the justice have any legal authority or jurisdiction to hold a court to adjudicate the rights of the parties, on the statement of facts contained in the record?

In *Reid vs. Jordan,* 56 *Ga. Rep.*, 282, this court held that a justice of the peace had no jurisdiction to render a judgment, unless the summons required by the 4130th and 4141st sections of the Code, when the amount was over $50.00, bore date at least twenty days before the time of trial appointed by the justice. But it is insisted by the defendant in error, that inasmuch as the parties appeared and interpleaded with each other, that they admitted the jurisdiction of the court, and therefore this case is not within the principle recognized and decided in *Reid vs. Jordan.* The difficulty which meets the defendant in error at the threshhold of his argument, is that he is compelled to show that there was a legal justice court on the seventeenth day from the date of the summons, at which the parties could have appeared and interpleaded with each other. What authority of law did the justice of the peace have for holding a court for the adjudication of the rights of the parties on the seventeenth day after the date of the summons, when the statute declares that the summons shall bear date twenty days before the time of trial? To have enabled the justice to hold a court under the law, for the adjudication of the rights of the parties, he was required to issue a summons at the instance of the plaintiff, requiring the defendant to appear at the time and place of trial specified in the summons, which summons shall bear date twenty days before the time of trial—specified in the summons. The justice assumed to hold a court for the adjudication of the rights of the

parties, on the seventeenth day after the date of the summons, when he had no legal·power and authority to do so, and therefore the whole proceeding was void, as was held in the case of *Reid vs. Jordan,* before cited. Before parties can be held to admit the jurisdiction of a court by appearance and pleading therein, the legal existence of such court at the time and place, as claimed, must first be shown.

Let the judgment of the court below be reversed.