L. M. WARFIELD, plaintiff in error, *vs.* DANIEL L. IVEY, defendant in error.

Where the time appointed for the trial of a case in a justice court for an amount exceeding $50.00, was on the nineteenth day from the date of the summons, and the justice rendered judgment against the defendant, a motion to dismiss the case in the superior court, on an appeal from such judgment, was properly sustained. The fact that the case was continued by the justice on the nineteenth day until sometime thereafter, does not alter the principle.

Justice Courts. Jurisdiction. Before Judge PATE. Dooly Superior Court. March Term, 1877.

Reported in the opinion.

JOHN B. HOLMES; RYAN & MITCHELL, by Z. D. HARRISON, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

It appears from the bill of exceptions in this case, that the plaintiff sued the defendant in a justice court on a promissory note for $60,00 ; that from the date of the summons to the time appointed for the trial of the case was only nineteen days. The defendant appeared and pleaded to the

merits of the case, but filed no other plea. The justice rendered judgment against the defendant, who entered an appeal to the superior court. When the case was called for trial on the appeal, the defendant made a motion to dismiss it, on the ground that the suit in the justice court was not commenced twenty days before the time fixed for trial, as required by law. The court sustained the motion and dismissed the case : whereupon the plaintiff excepted.

It appears from an inspection of the record, however, that the case was not tried in the justice court on the nineteenth day after the date of the summons, but was continued by the justice until February thereafter, the summons being returnable on the first Saturday in January, 1877. If the justice had no jurisdiction of the case under the law, on the nineteenth day after the date of the summons, as was held in the case of *Mitchell vs. Braswell*, decided during the present term, he had no lawful authority to continue it until February, at which time he had no more jurisdiction of the case, under the law, than he had on the first Saturday in January, at which time the summons was made returnable.

Let the judgment of the court below be affirmed.