## SMITH *vs.* BRYAN.

(Four cases of the same general character, and between the same parties, are here reported together.)

1. Where one partner makes the affidavit of illegality as of the firm, naming it, it may not be the action of the firm; but if his individual property be levied upon, he alone may contest the illegality of the proceeding by affidavit and *certiorari*, and even if he had not proceeded for the firm, the case ought not to be dismissed.
2. Where a *certiorari* by the firm was dismissed on the ground that two

cases between the same parties were improperly joined, it may be renewed within six months after its dismissal.

3. Service upon defendants by leaving notice or summons at their store, they nor either of them living at the store, is insufficient; and if they do not appear and plead the judgment is invalid.

(No. 2. Same parties as above.)

This case turns upon the same questions as the preceeding case, and is ruled in the same way.

(No. 3. Same parties.)

This case differs from the first case above, in this, that the summons is dated less than fifteen days from the time appointed for the trial, which makes a good ground for sustaining the *certiorari*. On points 1 and 2, in first case above, it is similar to that.

(No. 4. Same parties.)

In this case the summons was dated only twelve days before the time of trial, on the other points, 1 and 2, it is like the first case above.

Partners. Illegality. Practice in the Superior Court. *Certiorari.* Service. Justice Courts. Before Judge HALL. Rockdale Superior Court. April Term, 1878.

Reported in the opinion.

J. N. GLENN; A. C. McCALLA; W. P. REED, for plaintiff in error, cited, (on parties,) 2 Tidd's, Pr. 1135; 3 Bacon's Ab., 334–5; 1 Bacon's Ab., 71; 58 *Ga.*, 233. (On bar of limitations,) 46 *Ga.*, 126; 58 *Ib.*, 147–9; 50 *Ib.*, 262; 57 *Ib.*, 333, 335.

GEO. W. GLEATON, for defendants, cited as follows: (*Certiorari* not barred,) 32 *Ga.*, 435; 48 *Ib.*, 362; Code, §2932 (Judgments void,) Code, §4141; 59 *Ga.*, 532, 603; Code, §§3594, 3828.

JACKSON, Judge.

The firm of Bell & Bryan was sued in the justice court for some sixteen dollars in this case, and sums under fifty

dollars each in three other cases, by Smith, and judgments were rendered against the partners. The *fi. fa.* in this case was levied upon the individual property of Bryan, who interposed an affidavit of illegallity on various grounds, but mainly because the justice court rendered judgment within less time than fifteen days from the date of the summons and service thereon, the parties not appearing and pleading to the merits, and the service having never been made upon either partner in person or at their most notorious place of residence, but at their store  The justice of the peace dismissed the illegality and ordered the execution to proceed, whereupon the defendant Bryan, as one of the firm of Bell & Bryan, carried the case to the superior court by writ of *certiorari* ; that court sustained the *certiorari* on the ground that the service at the store was insufficient, and the summons directed the parties defendant to appear at the justice court in less time than fifteen days from the date of the summons. The plaintiff excepted to this judgment, and brings the case here, assigning error on three grounds :

1. First he says that Bryan had no right to contest the validity of the *fi. fas.* proceeding against him, alone, but must do so in the firm name. Bryan's affidavit is in his name as of the firm of Bell & Bryan, and it may be questioned whether he did not swear for the firm. But if he did not, inasmuch as it appears that his own private property was levied upon, and not that of the firm, we do not see why he might not legally show that it was proceeding illegally against him individually, and contest it alone by affidavit of illegality, and if decided against him, then by writ of *cer.iorari*.

2. A motion was made to dismiss the *certiorari* on another ground, because it was not brought within three months of the date of the justice's judgment. To this it is replied that there was a former *certiorari* within the three months, which was dismissed because two cases between the same parties were joined together in one *certiorari*, and this was brought within six months of that dismissal. It has

been ruled by this court that a *certiorari* is a suit which, if dismissed, may be renewed within six months. 32 *Ga.*, 433; 48 *Ib.*, 362; 23 *Ib.*, 8.

But it is argued that the case in 58 *Ga.*, 149, is authority to the reverse of this, because it was there held that an attachment which was void, and dismissed on that account, could not be renewed under the six months act, but the *certiorari* here was merely irregular and not a mere nullity. It was dismissed because two cases could not be joined together, and we think that both or either could be renewed under the Code, §2932, and the adjudications of this court thereon, cited above.

3. So that the *certiorari* was rightfully before the superior court. Was the judgment of that court on the merits right?

Certainly service at the store of defendants was not legal service, Code, §4141, because the statute requires it to be personal, or at the most notorious place of abode of the defendant, and not his place of business. And it is also settled that the summons must be dated at least fifteen days before the time fixed for the trial in cases where the amount sued for is under fifty dollars; because it is ruled that in cases over fifty the summons must be dated at least twenty days before the time of trial, to give the court jurisdiction, and if in less time the judgment is void. 59 *Ga.*, 532. And it is further held that the case cannot be continued to another time, because there was no legal court sitting to take cognizance of the case for any purpose. 59 *Ga.*, 603. And that it seems was the case here.

The record however is confused in respect to the date of the first meeting of the court and of the summons, indeed the summons is dated in the record fifteen days before court; but as the defendants did not appear and plead in this case, and were not properly served, it appearing that neither of them *resided* at the store, we think the court did not err in sustaining this *certiorari*.

Judgment affirmed.