### White vs. Mandeville.

1. Where a distress warrant was sued out and placed in the hands of a levying officer, he was authorized and commanded to collect it, and his authority to collect the whole included authority to collect a part of the amount. A partial payment to him discharged the defendant *pro tanto*, and the plaintiff must look to the officer for the amount so paid.

(a.) If a defendant in a common law execution makes an affidavit of illegality, on the ground of partial payment, he must pay the amount which he admits to be due, or the levying officer will proceed to raise that amount; but in cases of distress warrants, an affidavit that the sum or some part thereof is not due is sufficient,

(b.) The verdict of a jury in a justice's court having failed to allow any credit for a payment by the defendant to the collecting officer of a part of the amount claimed to be due, *certiorari* was the proper remedy; and it was error to tax the costs of such a *certiorari* on the the party petitioning for it.

2. The regular day for holding a justice's court was Friday; the hearing of the case was postponed until the next day, as the defendant alleged in his petition for *certiorari*, by his consent; the answer of the justice stated that the defendant consented to postpone it until the following Monday; a traverse was filed to this portion of the answer, but was stricken by the court as immaterial:

*Held*, that a justice's court is one of limited jurisdiction, and has only such powers as are conferred upon it by law. It must be held at fixed times and places, and all continuances must be from term to term. A judgment rendered out of term is void.

(a.) If a justice continued a case contrary to law, the consent of parties thereto could not make it valid.

(b.) It is not decided that justices' courts may not hold a term lasting for more than one day, if the times are fixed in advance. It would seem that this might be done.

March 18, 1884.

Distress Warrant. Officers. Execution. Justice Courts. Before Judge HARRIS. Carroll Superior Court. October Adjourned Term, 1883.

Reported in the decision.

J. L. COBB; W. F. BROWN, by CANDLER, THOMSON & CANDLER, for plaintiff in error.

REESE & ADAMSON, by HARRISON & PEEPLES, for de-fendant.

HALL, Justice.

Mandeville sued out a distress warrant against White for rent, amounting to one hundred dollars. When the warrant was levied, White paid the levying officer sixty-six dollars, which he admitted to be due the plaintiff, and made oath that the balance distrained for was not due, and gave security for the eventual condemnation money. The issue thus made was duly returned to the justice's court, where it was tried, upon appeal, by a jury. Although there was no dispute as to the amount paid by White to the levying officer, the jury returned a verdict finding for the plaintiff one hundred dollars, with interest and cost. The defendant carried this finding, by *certiorari*, to the superior court, and upon the hearing, the writ of *certiorari* was overruled and disallowed by the judgment of the court. In this we think there was error.

1. The verdict was clearly for sixty-six dollars more than it should have been; the warrant was credited with this amount, and the credit should have been allowed. Had this been a common law execution, instead of a distress warrant, the defendant, under the 30th rule of court, Code, §1349, if he would stay the execution of the process as to the amount admitted to be due by affidavit of illegality, would have been compelled to pay it. The law in relation to distress warrants is more liberal, however, and he is allowed to file his counter-affidavit, by complying with the other provisions, where he swears that " the sum, or some part thereof, " distrained for is not due. Code, §4053. The officer in charge of the warrant had full authority to collect it; this he was commanded to do. If he had authority to collect the whole, no reason occurs to us why he could not collect a part. The payment to him discharges the defendant to the extent that it goes, and

the plaintiff must look to him, and not to the defendant, for the amount.

There was no other mode of correcting this error, in the verdict of the justice's court jury, than by *certiorari*, and the defendant, for pursuing that remedy, should not be taxed with the cost of that proceeding.

2. It seems that the regular day for holding the justice's court, at which this issue was tried, was Friday, and the hearing of the case was postponed until the next day, as the defendant alleges, by his consent, but the answer of the justice sets forth that he consented to postpone it until the following Monday. This portion of the answer was traversed, and issue was found upon the cause. When it was to be heard, the court, on motion, ordered the traverse to be stricken, at the cost of defendant, because the question it raised was immaterial. Code, §4066. Whether this decision was correct or not is immaterial; the point is as to the power of the court to continue the case. If this continuance was contrary to law, the consent of parties thereto, could not validate it. 59 *Ga.*, 532; 56 *Id.*, 282. The court is one of limited jurisdiction, and has only such powers as are conferred upon it by law. The constitution declares that it shall sit " monthly at fixed times and places." Code, §5153, and the act of the general assembly of 1878, to carry into effect this provision of the constitusion (Code, §4130) requires " all continuances in justices' courts to be from term to term." · This judgment was rendered out of term and is void. Upon these grounds, the *certiorari* should have been sustained, and the cause certified and sent back to the justice's court, with directions to rehear the issue made, at a regular term of that court.

No question is made by the record as to the length of the terms of justices' court, and no opinion is given upon that point; possibly the terms may continue more than a single day, if the times are fixed in advance; at least, we see no reason why this may not be done. Certain it is that the act of 1858, p. 92, authorizes them to be held two

or more days, where their business requires such prolonged terms. There is no necessary conflict between this provision and the act of 1878, embodied in Code, §4130. The act of 1858 is cited by the editor in the margin of this section, but this provision is not found in the section itself, nor elsewhere in the Code, so far as we can discover.

Judgment reversed.