## LEVADAS *v.* BEACH.

1. While the plaintiff, or his attorney, under the Civil Code, § 5339, may enter judgment on a verdict, the justice of the peace may likewise enter judgment thereon upon his docket, and upon such a judgment so entered an execution may lawfully issue.
2. Where an execution has been levied on the property of the principal debtor, he can not resist the same by an affidavit of illegality, setting up that the judgment is void as against the securities named as codefendants therein.
3. Where from the affidavit of illegality it appears that the defendant in fi. fa. admits owing a part of the execution debt, he must pay the amount so admitted to be due, or the officer shall proceed to raise such amount and accept the affidavit for the balance.   Compare Civil Code, § 5661.

Submitted February 17, — Decided March 3, 1904.

Petition for certiorari.     Before Judge Parker.     Glynn superior court.     April 30, 1904.

The judge refused a certiorari, and the record therefore contains only what was recited in the petition therefor.     It alleged that on July 19, 1902, the jury returned a verdict in the justice's court in favor of Beach against Levadas; that the justice thereupon entered up judgment on the summons in said case, to which he affixed his official signature.   There is no recital that the judgment was entered on the docket, except that it is recited, in an order offered in evidence, that on March 17, 1903 (not in term), the judgment was placed on the docket of the court, but that as it had not been signed by the attorney, the said attorney is now allowed to amend the judgment nunc pro tunc by authorizing the said attorney for the plaintiff to sign the judgment upon the papers in the cause and on the docket of the court.     Thereafter execution issued and was levied on property of the plaintiff, who filed an affidavit of illegality.     On the trial thereof the plaintiff in fi. fa. offered in evidence the judgment nunc pro tunc, to which Levadas, the defendant in fi. fa., objected on the ground that the judgment on which the execution issued was not signed within four days after the adjournment of the court, as required by the Civil Code, § 5339; that on the day it was entered the jus-

tice's court was not in session, and the judge had no authority to make such order; and that Levadas or his counsel was not present or notified. The objection was overruled and the order admitted, and the affidavit of illegality was dismissed and the execution ordered to proceed.

*Max Isaac*, for plaintiff in error. *Ernest Dart*, contra.

LAMAR, J. (after stating the foregoing facts.) Every citizen has the constitutional right to represent himself in court. Civil Code, § 5701. This right, however, is rarely exercised in those cases where the pleadings and practice of necessity involve technical skill. But the law evidently contemplates that many suits will be prosecuted in a justice's court without either party being represented by counsel, and the practice therein is adjusted to this theory. Parties might be entirely ignorant as to the form in which a judgment should be entered, and therefore the law not only requires a justice to enter the judgment in those cases tried without a jury, but permits him also to enter the judgment where there has been a verdict. His power to do so is not destroyed by the fact that in a particular case the plaintiff is represented by an attorney who as an officer of court might perform the same duty. *Scott* v. *Bedell*, 108 *Ga.* 209. Besides, the fact that the judgment must be entered on the docket clearly indicates that the entry thereon can lawfully be made by one whose duty it is to keep the docket and make entries therein. The judgment here having been properly entered by the justice, there was no necessity for an order nunc pro tunc or for further action by the attorney. *Gunn* v. *Tackett*, 67 *Ga.* 725.

The defendant has had his day in court and can not go behind the judgment rendered, nor can he as principal seek, upon an affidavit of illegality, to attack the judgment because, as he contends, it was erroneously entered up against certain securities. If this be true, the execution may never be enforced against them. When such an attempt is made, they can be heard. The defendant can not make their fight, or take advantage of defects as to third persons, in order to arrest the fi. fa. when it is proceeding legally against him alone.

The defendant further insists that from the face of the record, and as a matter of pure mathematics, it appears that the judg-

ment was entered for too much interest. We have not before us the record, and are therefore unable to say whether this calculation be correct. But the other grounds of the illegality having been disposed of, it appears that he is justly indebted to the plaintiff for the principal and legal interest, whatever that may be. Even if he can thus attack a judgment from which he had the right to appeal or certiorari, yet he must pay what he owes, before he can be heard by affidavit of illegality as to that which he does not owe. *White* v. *Mandeville*, 72 *Ga.* 705; *Stanford* v. *Connery*, 84 *Ga.* 732 (3a); Civil Code, § 5661. The judge properly refused the certiorari.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*