---

## HINESLEY *et al. v.* STEWART *et al.*

1. Where land was levied on under an execution against a man, and a claim was interposed by his wife, and after a verdict finding the property subject had been rendered, and a motion for a new trial had been made, the man and wife joined in a deed to the creditors, which recited that it was made in consideration of settling the debts and for other considerations stated; relatively to a subsequent assertion of an attorney's lien on the land and foreclosure thereof against the claimant by an attorney who had represented her, the grantees, who were not parties to the proceeding, were not concluded by the judgment of foreclosure.

2. Where pending a claim case the claimant joined with the defendant in execution in making a conveyance to the plaintiffs, recited to be in consideration of a settlement of the debts and for other considerations, and afterward the attorney representing the claimant took from his client a note for his fee and a mortgage on the land, and later surrendered these and took a deed to a part of such land in settlement of his fee, his right to thereafter claim and foreclose a lien on the whole land for his fee was extinguished.

(a) After asserting the superiority of his title to that conveyed by the former deed, and instituting proceedings attacking it as a cloud on his title, and losing that case, he can not treat all that occurred as a mere nullity, and claim and foreclose a lien on the land for his fee.

3. In an action to recover land and mesne profits, it was not error as against the defendants to hold that they could not set up the value of improvements placed on the land pending the suit, further than to extinguish the claim for mesne profits.

NOVEMBER 14, 1912.

Complaint for land. Before Judge Freeman. Carroll superior court. August 1, 1911.

*S. Holderness* and *W. F. Brown,* for plaintiffs in error.

*W. C. Wright* and *Leon Hood,* contra.

LUMPKIN, J. Bell conveyed land to his wife. Shortly thereafter creditors of the husband obtained judgments against him, and caused levies to be made on the land. Claims were interposed by the wife, and it was agreed that the final result in one case should control all of them. On the trial of the test case the property was found subject. A motion for a new trial was overruled, and the

case was brought to the Supreme Court, where the judgment was reversed on account of error in the charge. *Bell* v. *Stewart,* 98 *Ga.* 669 (27 S. E. 153). While the motion for a new trial was pending, Bell and his wife made a deed to the three contesting creditors, which was recorded. The deed recited that its consideration was the settlement of the debts and certain other considerations named. The attorneys representing her caused to be recorded a notice that they would prosecute the motion for a new trial to secure their fees. On another trial of the claim case the property was found not subject. Mrs. Bell then filed an equitable proceeding to cancel the deed in which she had joined with her husband. Pending this suit, the attorney who had represented Mrs. Bell in the claim case agreed with her that $150 was a reasonable fee, and took a note for that amount and a mortgage on the land. Later the note and mortgage were destroyed, and Mrs. Bell executed to the attorney a deed to twenty acres of the land in settlement of his fee. On the trial of the suit which she had instituted to cancel the former deed made by her, the jury found against her. A motion for a new trial was made, but dismissed by her for a consideration. The attorney then filed an equitable proceeding to cancel, as a cloud on his title to the twenty acres, the former deed made by Mrs. Bell. In this suit the defendants prevailed, and the judgment was affirmed by the Supreme Court. *Hodnett* v. *Stewart,* 131 *Ga.* 67 (61 S. E. 1124). The attorney then filed his claim of lien for services rendered in the claim case which had terminated seven years before. He sought to foreclose his alleged lien, caused his former client to be served, and obtained a judgment. This was levied on the land, which appears to have been temporarily unoccupied. A sheriff's sale was made. The purchaser received possession, and sold to another, to whom he executed a bond for title. The grantees in the deed from Mr. and Mrs. Bell brought suit to recover the land and mesne profits. There was evidence of improvements made by the defendants, but most of them were made pending the suit, and there was evidence of the value of the mesne profits exceeding the balance.

The presiding judge, to whom the case was submitted without a jury, found for the plaintiffs as to the land, and held that the defendants were not entitled to set off the improvements except to extinguish mesne profits. The defendants excepted.

1. The filing by the attorney of a claim of lien for his fee in representing his client in the claim case, and the bringing of suit to foreclose it, and the recovery of judgment all occurred about fourteen years after the client and her husband had conveyed the land to the plaintiffs in the present case, and about seven years after the claim case had ended. The judgment rendered in this proceeding against his former client was not conclusive on the grantees in that deed. As to the validity of their title, they stood, not as mere creditors, but as purchasers. *Hodnett* v. *Stewart, supra.* A similar ruling, as to the right of a purchaser before the commencement of suit, has been made in regard to one who purchases mortgaged property prior to the commencement of proceedings to foreclose the mortgage. *Williams & Co.* v. *Terrell,* 54 *Ga.* 462; *Osborne* v. *Rice,* 107 *Ga.* 281, 285 (33 S. E. 54). Thus the grantees in the former deed were not concluded by the judgment in the foreclosure proceeding.

2. When the attorney agreed with his client upon $150 as a reasonable fee and took a note and mortgage on the land for that amount, and when later he surrendered the note and mortgage and took a conveyance of twenty acres of the land in settlement of his fee, the suit by her to cancel her former deed was pending. Later it was decided against her, though her motion for a new trial was dismissed for a consideration. There was no claim that the attorney did not know of that deed. Later he instituted a proceeding on his own account to cancel it, as to the twenty acres conveyed to him, as a cloud on his title. In this he failed. But, aside from any question as to the effect of his taking the deed pending the suit by her, he took it "in settlement" of his fee. This extinguished his right to set up an attorney's lien later. Having settled his claim, it no longer existed; and although the first deed may have been afterward held superior to his, this did not restore his status, as if he had never settled his claim or sought to assert a title, and authorize him to file a claim of lien on the land and proceed to foreclose it, so as to affect the grantees in the older deed. *Patterson* v. *Evans & Turner,* 91 *Ga.* 799 (18 S. E. 31) ; *MacIntyre & Co.* v. *Ferst's Sons & Co.,* 101 *Ga.* 682 (28 S. E. 989) ; *Woodside* v. *Lippold,* 113 *Ga.* 877 (39 S. E. 400, 84 Am. St. R. 267); *Coleman & Burden Co.* v. *Rice,* 115 *Ga.* 510 (42 S. E. 5) ; *Ragan* v. *Standard Scale Co.,* 128 *Ga.* 544 (58 S. E. 31) ; *Farkas* v. *Third National*

*Bank of Albany,* 133 *Ga.* 755 (66 S. E. 926, 26 L. R. A. (N. S.) 496).

3. It has been decided by this court that where, pending a suit to recover land, the defendant places improvements on it, he is not entitled to set them up under the Civil Code, § 5587. *Richards v. Edwardy,* 138 *Ga.* 690 (76 S. E. 64). Here the presiding judge held that the defendants were not entitled to set off improvements **against** the recovery, except to extinguish mesne profits. This was certainly all the defendants could claim.

The points above decided are controlling, and additional questions argued by counsel for plaintiffs in error require no discussion.

*Judgment affirmed. All the Justices concur.*