## KING v. KING.

1. An equitable petition brought by the beneficiary of an alleged homestead, to enjoin one in possession of and claiming the legal title to the land alleged to have been set apart as a homestead from collecting the rents and profits of the land, and to cancel the defendant's deeds as a cloud upon the title of the head of the family, who applied for and procured the homestead, and to enjoin the defendant from otherwise interfering with the homestead property, was subject to a special demurrer on the ground that the following description of the homestead property was too vague and indefinite, to wit: "about seventy-two acres of lot of land No. 220 in the 7th District and 3d Section of Gordon county, . . . duly set apart by the ordinary of said county as a homestead for petitioner and her then minor children."

2. Where an application for homestead was filed on December 18, 1894, and the ordinary, on December 19, 1894, directed the county surveyor to survey and lay off a homestead and make a plat of the land, and the return of the surveyor was made on January 4, 1895, showing that the survey and plat were made on January 1, 1895, and this was filed and recorded on January 9, 1895, in the office of the clerk of the superior court, but the proceedings do not disclose that the ordinary approved the return of the surveyor by order or otherwise, such proceedings do not constitute the setting apart of a homestead as contemplated by law, and such homestead is void.

(a) On the trial of the petition referred to in the first headnote, it was error to admit in evidence the proceedings in an application for homestead, which on their face showed that the homestead as such was void.

(b) The court erred in directing a verdict for the plaintiff.

3. The petition was not subject to general demurrer.

APRIL 20, 1915.

Equitable petition. Before Judge Fite. Gordon superior court. February 25, 1914.

Mrs. Annis King brought her petition against E. F. King, and alleged substantially as follows: Her husband, A. J. King, is the owner of a tract of land consisting of "about seventy-two acres of lot of land No. 220 in the 7th District and 3d Section of Gordon county." On the 4th day of January, 1895, "said tract of land was duly set apart by the ordinary of said county as a homestead for petitioner and her then minor children." The children have all arrived at the age of twenty-one years, and she is the only surviving beneficiary of the homestead. Plaintiff's husband is old and feeble, and can not contribute anything to her support; and she is not able physically to perform any labor, and is dependent on the proceeds "of said tract of land" for a support, having no other means on which to subsist. The defendant, through and under a

pretended deed, which was obtained through fraud and misrepresentation, has taken charge of and rented the tract of land, and the tenant now has a growing crop on it. The defendant will collect the rent when the crop is gathered, unless he be restrained from so doing by the court. He has rented the land for the next year, and has forbidden plaintiff from going on or controlling the land in any way whatever. The deed under which he is claiming is fraudulent, and was procured by misrepresentation both to the plaintiff and her husband, A. J. King, the latter being, at the time of signing it, a fugitive from justice, and he signed it without any adequate consideration. It was procured without first obtaining an order from the superior court to sell the land and reinvest the proceeds of the sale; nothing has ever been paid for the land; and the deed is void. The defendant is insolvent, and is unable to respond in damages that will accrue in case he is allowed to collect · the rents of the land. The damage will be irreparable, and the plaintiff has no adequate remedy at law. By amendment the plaintiff alleged as follows: A. J. King, under whom she holds by right of a homestead which appears of record in the clerk's office, is old and infirm and now in prison. The defendant (who is the son of plaintiff and of A. J. King) represented to them that George W. Brown, a son-in-law of plaintiff, was trying to get title to and possession of the tract of land without paying for it, and that he (defendant) wanted A. J. King and the plaintiff to sign a paper authorizing defendant to take charge of the land, and defeat Brown in his effort to beat them out of it. Plaintiff can not read and write, and does not know a letter. She had to and did rely on what the defendant told her—that the paper she was signing was nothing but a contract authorizing the defendant to act for her in the matter; and she believed him and signed the paper, not knowing it was a deed; and upon these fraudulent acts and misrepresentations he took charge of the land and is collecting the rent therefrom. The deed was not read to her at the time of signing, or at any time. The sale of the land has never been approved by the court. The plaintiff prays, that the defendant be restrained from interfering in any way with her free and undisturbed use of the land, that he be restrained from collecting the rents of the land for the years 1913 and 1914 and ever thereafter, and that he be required to deliver up his deed for cancellation as a cloud on the title of A. J. King.

The defendant in his answer denied the material allegations of the petition, and averred as follows: He is in possession of the land and has rented it to a tenant who has a growing crop thereon; and he expects to collect the rent, as he has a legal right to do. He denies that he is holding possession through fraud and misrepresentation. He went into possession under a warranty deed and for a valuable consideration, the deed being signed by the plaintiff and her husband. G. A. Coffee was employed by the plaintiff and her husband to procure an order from the judge of the superior court for leave to sell the land as required by law, as in the case of the sale of homestead property; and the order was granted by the presiding judge of the court. Defendant denies that he is insolvent and unable to respond in damages and to account for the rent of the land. He bought the land in the utmost good faith, paid value for it, and is entitled to the rents, issues, and profits thereof. No homestead was ever granted to the plaintiff as alleged, and the paper purporting to be a homestead was never granted as provided by law.

The defendant also demurred to the petition as amended, because: (1) It set forth no cause of action. (2) There is no sufficient description of the property involved. (3) The alleged homestead is not set out, nor made an exhibit to the petition. (4) It is not alleged from whom the defendant procured the alleged deed, whether from plaintiff or A. J. King or from some one else. (5) The petition showing that the defendant is in possession of the land, claiming under a deed, the plaintiff's remedy is by ejectment, not injunction. (6) There is no prayer to recover the land.

The court overruled the demurrer, and the defendant excepted. The case proceeded to trial, and, after evidence submitted by both parties, the court directed a verdict and entered a decree in favor of the plaintiff against the defendant. Error is assigned on this direction, and on other rulings which are noticed in the opinion.

*M. B. Eubanks* and *F. A. Cantrell*, for plaintiff in error.
*George A. Coffee*, contra.

HILL, J. (After stating the foregoing facts.)

1. The petition alleged that "about seventy-two acres of lot of land No. 220 in the 7th District and 3d Section of Gordon county, . . . was duly set apart by the ordinary of said county as a homestead for petitioner and her then minor children." The defendant

filed a special demurrer to the effect that there was no sufficient description of the property involved in the case. The court over-ruled the demurrer, and the defendant excepted. It is insisted that, considered in connection with the homestead proceedings set out in the record, the description is sufficient. But, as decided in the following division of this opinion, as there is no valid homestead, we fail to see how the record in the homestead proceedings can aid the description of the land in order to make it sufficient. Even if the homestead was valid, there is nothing in the petition for homestead which gives a fuller description of the land than that contained in the plaintiff's petition. But by referring to the petition for homestead it will be seen that the applicant asked for a homestead to be laid off and set apart "on or out of one hundred and twenty-two acres of land, being a part of lot of land number 220 in the seventh district and 3rd section of said county." This description is not sufficient. Nor will a resort to the return of the surveyor suffice, for he merely says that he did "lay off and plat for Andrew J. King and family a homestead of 108 acres No R and 11-P, of the value of Seven Hundred Dollars, correct plat of which is hereto attached." But the record shows no plat from which we can get a fuller or more accurate description than that set out in the plaintiff's petition, which we hold is an insufficient description. Besides, on special demurrer, if the description of the land as contained in the pleadings is insufficient, resort can not be had to the evidence to splice out the description. The so-called homestead proceedings were in the record, over objection of the defendant, as evidence offered by the plaintiff, and not as a part of the plaintiff's pleadings. When the defendant asked for a fuller description of the land alleged to be homestead property in the petition, he was entitled to have it; and the court erred in over-ruling the special demurrer on this ground. *Social Benevolent Society* v. *Holmes, 127 Ga.* 586 (56 S. E. 775).

2. On the trial of the case the court admitted in evidence, over objection of the defendant, the homestead proceedings on the application of A. J. King, as the head of a family consisting of himself, his wife (the plaintiff in the court below), and certain minor children, for a homestead in certain lands belonging to A. J. King. The objection was that the certified transcript of a homestead proceeding of A. J. King, offered by the plaintiff, did not show that

a homestead had ever been allowed, approved, or granted by the ordinary, and that, taking as true the plaintiff's allegation that it was granted on January 5, 1895, the ordinary was without jurisdiction to grant the homestead, the petition for homestead having been filed on December 18, 1894, and the order to the surveyor being dated on the 19th of December, the following day, and that the hearing and order were within twenty days from the date of such order. An inspection of the record fails to disclose any order of the ordinary approving or allowing the homestead as required by law. If the allegation of the petition that it was granted on January 5, 1895, be taken as true, then the case falls within the ruling made in *West* v. *McWhorter*, 141 *Ga.* 590 (81 S. E. 859), where it was held by this court that a homestead granted by an ordinary within twenty days from the date of setting the hearing on the application, and the approval of the homestead by the ordinary, is void. The record in the present case shows that the petition for homestead was filed on December 18, 1894. The order of the ordinary, directing the county surveyor to survey and lay off a homestead and make a plat of the same as provided by law, was dated December 19, 1894. The return of the surveyor was sworn to on January 4, 1895, and shows that the survey and plat were made on January 1, 1895; and this was filed and recorded January 9, 1895, in the office of the clerk of the superior court. The record does not show any order of approval by the ordinary. So in either event,—if there was no approval, or if the approval was within the twenty days from the application or order of the ordinary to the surveyor, as alleged in the petition,—no valid homestead is shown. The burden is on the plaintiff to show that there was a valid homestead, which she has failed to do. Without that she has no standing in court. If the homestead fails, her suit fails; for her whole cause of action is based on the validity of the homestead. The record showing that the certified transcript of the homestead proceedings was not sufficient to create a homestead, the court erred in allowing it in evidence, especially when it was not coupled with any other evidence showing it to be a valid homestead. We hold, therefore, that the court erred in directing a verdict for the plaintiff.

Nor was the defendant estopped to deny the existence of the homestead because on the trial he offered in evidence certified copies of the petition and orders (other than order of approval) in

the application of A. J. King and Mrs. Annis King for leave to sell the alleged homestead property, in the superior court of Gordon county, the petition merely alleging that "a homestead on real property and exemption of personalty was duly set apart to the said A. J. King by the ordinary of said county," etc. Especially is this so where the defendant in his answer expressly avers "that no homestead was ever granted to plaintiff as alleged, and that the paper purporting to be a homestead was never granted as provided by law."

3. The petition was sufficient to withstand a general demurrer. *Vaughn* v. *Fitzgerald,* 112 *Ga.* 517 (37 S. E. 752); *A. & W. P. R. Co.* v. *A., B. & A. R. Co.,* 125 *Ga.* 529, 540 (54 S. E. 736).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*