ROBERTS *v.* ATLANTA CEMETERY ASSOCIATION *et al.*

1. The time to be fixed by the notice prescribed in the Civil Code (1910), §§ 3381-3, of when the ordinary will act on an application for setting apart a homestead, is not less than 20 nor more than 30 days from the date of the order of the ordinary to the surveyor. If more than 30 days intervene, the homestead is void.
2. The homestead being invalid, the application for leave to sell it was irrelevant to any issue in the case.
3. Where a civil engineer who made a survey and plat testifies that the same are correct, the plat is admissible in evidence.
4. Where it becomes material to locate the line between the land in controversy and that of an abutter, the deed of such abutter to one of the defendants, conveying the abutting land and so describing the line that its physical location is ascertainable, is admissible.

5. The evidence examined; and *held*, that it was error to direct a verdict for the defendants.

6. A foreclosure of a mortgage by the statutory method, to which proceeding a junior vendee of the land is not a party, while not conclusive on such vendee is valid as between the holder of the mortgage and the mortgagor, and a purchaser at the foreclosure sale acquires the legal estate of the mortgagor; and where no illegality in the foreclosure proceeding and the sheriff's sale thereunder is made to appear, the sheriff's deed is superior to the deed executed by the mortgagor after the date of the mortgage.

FEBRUARY 15, 1917.

Ejectment. Before Judge Pendleton. Fulton superior court. September 15, 1915.

*E. M. & G. F. Mitchell,* for plaintiff. *Smith, Hammond & Smith* and *Mayson & Johnson,* for defendants.

EVANS, P. J. The action was brought by Mrs. Carrie Roberts against the Atlanta Cemetery Association and Mrs. M. Owens. Upon the conclusion of the evidence the court directed a verdict for the defendants.

1. One of the muniments of title relied upon by the plaintiff was a homestead alleged to have been set apart to J. A. Casey, and a sale thereunder by Casey and his wife by virtue of an order of the superior court authorizing the sale of the homestead property. Several objections were urged to the reception of the homestead in evidence, one of which was that the homestead was void because the date of the hearing was more than thirty days after the order of the ordinary setting the case for hearing. The court sustained this objection and excluded the homestead. It is provided by the Civil Code (1910), §§ 3381 et seq., that when an application has been filed, the court shall publish a notice that the applicant has applied for the setting apart and valuation of a homestead, and fix the time when he shall pass upon the same, and that the time fixed in the notice shall not be less than twenty days nor more than thirty days from the date of the order of the ordinary to the surveyor. The record discloses that the application was filed on November 17, 1888, and on that day the ordinary passed an order directed to the county surveyor to enter upon the land of the applicant and lay off a homestead for him and his family of so much of the land as would not exceed in value a certain amount, and to make a plat thereof; and on the same day he passed an additional order setting the hearing for action on the

application for Wednesday, December 19, 1888. It thus appears that more than thirty days intervened between the date of the order of the ordinary to the surveyor and the time fixed by the notice as when the ordinary would take action on the application for homestead. As was pointed out in *West* v. *McWhorter,* 141 *Ga.* 590 (81 S. E. 859), the jurisdiction of the setting apart of a homestead is conferred by statute on the ordinary, and he must pursue the mode and order prescribed by law in the discharge of the duty thus imposed; and when he deviates from that order and undertakes to prescribe one to suit his own convenience, he is acting without authority of law, and his action is illegal and void. It was held in that case that where the date for the hearing and approval occur within less than twenty days, the homestead is illegal and void. This rule was adhered to in *King* v. *King,* 143 *Ga.* 385 (85 S. E. 95). Inasmuch as the ordinary was without authority to fix a day for the hearing to occur more than thirty days after the filing of the application and the date of the order to the surveyor to lay off the homestead, he had no jurisdiction on the day so fixed to take any action on the application, and the homestead was void on this account.

2. Inasmuch as the homestead was invalid, the application addressed to the superior court for leave to sell the homestead was irrelevant to any issue in the case.

3. The plaintiff offered in evidence a map made by a civil engineer, explanatory of a survey which he had testified he had made. One of the contentions in the case was that the deed under which the defendants claimed title covered only a part of the land embraced in the muniments of title relied upon by the plaintiff; and that even if the defendants' title as to that part was superior to the plaintiff's, nevertheless she was entitled to recover the rest of the premises in controversy, if she showed title to the same. The civil engineer testified that the plat which he made was correct. The evidential value of the map was not to establish the contentions of the parties respecting their claim of title to the land, but to show their application to the premises. The testimony of the civil engineer was of such a character as to bring the case within the rule that where a surveyor makes a survey and plat and testifies that the same are correct, the plat is admissible in evidence. *Wooten* v. *Solomon,* 139 *Ga.* 433 (77 S. E. 375).

4. The southern boundary of the land in controversy, according to the calls of the deeds of both parties, is the J. D. Collins land. It is important to locate that boundary in order to give effect to the calls of these deeds. The plaintiff offered in evidence a deed from the widow of Collins to one of the defendants, the Atlanta Cemetery Association, from the description of which that line could be physically located. This deed was admissible for such purpose.

5. The petition described the premises as "all that tract or parcel of land situated, lying, and being in land lot number two hundred and twenty-two (222) in the seventeenth (17th) district of originally Henry, now Fulton county, Georgia, commencing on the east side of the Marietta road (sometimes called the Atlanta and Marietta road, and now generally known as the Old Marietta road) at the north line of the property formerly known as the J. D. Collins land, and running thence northerly along the east side of said road five hundred (500) feet; thence east or nearly east four hundred and fifty (450) feet; thence southeasterly along the run of the branch about fifty (50) feet; thence east about three hundred and ninety-five (395) feet to the line of the property formerly owned by H. Franklin; thence south along the line of said Franklin land six hundred and fifty (650) feet to the line of the said property formerly known as the J. D. Collins land; thence in a westerly direction along the line of said Collins property eleven hundred (1100) feet to the point of beginning, containing a fraction over thirteen (13) acres." The plaintiff submitted evidence tending to show that on April 12, 1895, John A. Casey and his wife conveyed to Mrs. Belle Simmons the tract of land described in the petition, and that he was in possession thereof at the time of his conveyance. On April 28, 1896, Mrs. Belle Simmons conveyed the land to Mrs. Carrie Oliver, who, on June 9, 1896, encumbered it with a security deed to W. F. Quillian. Quillian sued on his debt to judgment, and filed in the clerk's office, for the purpose of levy and sale, a deed of reconveyance to Mrs. Oliver. The land was levied upon under an execution issued upon the judgment of Quillian against Mrs. Oliver, and was sold by the sheriff on October 3, 1899, and purchased by the plaintiff, and on the same day the sheriff executed a deed to the plaintiff. In all these conveyances the land is described substantially as in the petition.

The defendants submitted in evidence a mortgage from J. A. Casey to the Mutual Loan and Banking Company, dated May 22, 1894; a petition by the mortgagee to foreclose the mortgage agreeably to the statute, filed November 20, 1900, and a judgment of foreclosure rendered thereon September 26, 1901, and a deed by the sheriff to Mrs. M. Owens, dated November 5, 1901, in pursuance of the sheriff's sale under the foreclosure. The land as described in the mortgage and judgment of foreclosure, and in the sheriff's deed, is as follows: "All that tract or parcel of land lying and being in land lot No. 222 in the 17th district of Fulton county, Georgia, commencing on the east side of the Atlanta and Marietta road at the north line of J. D. Collins' land, and at the south line of said J. A. Casey's land, and running thence in a southeasterly direction along the said Collins land 1115 feet to H. Franklin's line, thence north along H. Franklin's line 612 feet, thence east 950 feet to the Atlanta and Marietta road, thence south along the east side of railroad 300 feet to the point of beginning; bounded on the north by lands of J. A. Casey, and being a part of land on which said J. A. Casey now resides." The evidence did not disclose any actual occupancy of the land by Mrs. Simmons, or her grantees, including the plaintiff, nor any actual occupancy by Mrs. Owens. Mrs. Owens, on August 2, 1913, executed a bond for title to J. H. Wiggins, who transferred it to the Atlanta Cemetery Association on August 4, 1913. The entire land in dispute at the time of the institution of the suit was enclosed by a wire fence, but it is uncertain as to when the fence was built, there being testimony from which an inference could be drawn that the fence was erected by the Atlanta Cemetery Association after its purchase. From the foregoing it will be seen that both parties claim to derive their title from J. A. Casey. A comparison of the muniments of title of the two parties will disclose that the land described in the muniments of the defendant is less in extent than that described in the muniments of the plaintiff. The deeds of both parties call for the Collins line as a southern boundary. The calls of the plaintiff's deed are for the Old Marietta road for a distance of 500 feet, measuring northward from the Collins land, as the western boundary; and H. Franklin's land for a distance of 650 feet, measuring northward from the Collins land, as the eastern boundary. In the deed of the defendants

the calls are for the Old Marietta road for 300 feet, measuring northward from the Collins land, and for the Franklin land measuring 612 feet from the Collins land. If we accord to the defendants the land embraced in the sheriff's deed to Mrs. Owens, there would be left of the premises described in the petition and included in the description contained in the plaintiff's deeds a portion of land having a boundary of 200 feet on the Old Marietta road on the west, and 38 feet on the Franklin line on the east, with a northern boundary as described in the plaintiff's deeds. As to so much of the land embraced in the sheriff's deed executed by virtue of the foreclosure of the Mutual Loan and Banking Company's mortgage, the defendants showed the better title, for the reason that the mortgage is anterior in date to the deed from the mortgagor to Mrs. Simmons, under whom the plaintiff claims; and as to such land the court properly could have directed a verdict.

It is contended by the defendants in error that the evidence as to the description of any land claimed to be included in the plaintiff's muniments of title, and not embraced in their own, is so indefinite that the jury was unable by the verdict to locate it. We think the evidence sufficient to define the area of land covered by the plaintiff's deed which is not embraced in the defendants' muniments of title.

It is also argued that the plaintiff failed to show any title to the area of land covered by her muniments of title, which may not be embraced in the defendants' deed. The husband of Mrs. Owens testified, in substance, that he represented his wife in the purchase of the land at sheriff's sale; that after the sale, accompanied by the sheriff, he went on the land and exhibited the sheriff's deed to J. A. Casey, who pointed out the lines to him; and that the sheriff's deed under which the defendants claim title covers the locus of the suit. Both parties claiming that Casey had title to the locus of the suit, and that their respective claims of title derived from Casey cover the premises in controversy, the rule applies that where both parties claim under a common grantor or propositus, that common grantor or propositus will, for the purposes of the case, be treated as a true and original source of title, and the plaintiff may recover by showing legal title and right of entry as derived from that source. Powell on Actions for Land, § 361.

6. The plaintiff insists that the sheriff's deed to Mrs. Owens, made pursuant to the proceedings by the Mutual Loan and Banking Company in foreclosure of its mortgage against J. A. Casey, is void as a conveyance of title, because she was not made a party to the foreclosure proceedings. It will be remembered that J. A. Casey sold the land to Mrs. Belle Simmons, and that Mrs. Roberts acquired Mrs. Simmons' title before the foreclosure proceedings were instituted. In this State a mortgage does not convey title to the mortgaged premises, but only creates a lien thereon for the security of the debt. The statutory foreclosure of a mortgage on realty does not contemplate that a third person may defend (Civil Code, § 3280), and a junior encumbrancer or subsequent purchaser is not a necessary party to a foreclosure suit. *Brooke* v. *Lowry National Bank,* 141 *Ga.* 493 (81 S. E. 223). The foreclosure of the mortgage, to which the subsequent purchaser is not a party, does not affect the right of such purchaser. *Howard* v. *Gresham,* 27 *Ga.* 347; *Williams* v. *Terrell,* 54 *Ga.* 462; *Osborne* v. *Rice,* 107 *Ga.* 281, 285 (33 S. E. 54); *Swift* v. *Dederick,* 106 *Ga.* 35 (31 S. E. 788); *Hinesley* v. *Stewart,* 139 *Ga.* 7 (76 S. E. 385). Nevertheless such a foreclosure is valid as between the holder of the mortgage and the mortgagor, and the purchaser at the foreclosure sale acquires the legal estate of the mortgagor. Carpenter *v.* Brenham, 40 Cal. 221. Any equitable right of a subsequent purchaser to redeem within a reasonable time is not involved in this action. The action is at law; and as the sheriff's sale seems to be regular in all respects, the purchaser at that sale acquired the title of Casey as of the date of his mortgage to the Mutual Loan and Banking Company, and superior to his subsequent deed under which the plaintiff claims title. None of the other assignments of error are such as to require special mention.

*Judgment reversed. All the Justices concur.*