HIGHTOWER & Co. *et al. v.* FIRST NATIONAL BANK OF BLAKELY.

GILBERT, J.   First National Bank of Blakely filed a petition against Dock Moses and Hightower & Co., alleging, in substance, that Moses was indebted to the bank in a stated sum, and had in the year 1905 executed and delivered to the bank a mortgage to secure the indebtedness, covering personal property, and land described as "forty-one acres of land, more or less, off the northwest corner of lot No. 26 in 28th dist. Early Co., Ga.;" that the note, not being paid at maturity, May, 1907, was renewed, and, without the mortgage being canceled or delivered up, Moses executed a deed to secure the indebtedness, covering the same land, but by mistake of the description in the deed was inaccurate. The petition further alleges that in the year 1913 the deed was reformed in a court of equity, Hightower & Co. not being made parties; that in December, 1907, Moses executed and delivered to Hightower & Co. a mortgage intended to cover the same land, to secure an indebtedness to them, the description in this mortgage also being inaccurate; that in the year 1909 Moses executed and delivered to Hightower & Co. a deed in the form of an absolute warranty, covering the same land (the description being practically identical with that above quoted); that the last-named deed is a cloud upon the title of the bank, and is void and should be delivered up and canceled; that Hightower & Co. had both actual and constructive notice of the lien of the bank on the land to cover the indebtedness to it; and that Hightower & Co. are not bona fide purchasers of the land. The prayers were, for process; that the Hightower deed be decreed void as against petitioner, and canceled; that said deed be decreed inferior and subject to petitioner's lien and title to the land; that petitioner's mortgage be decreed a valid and subsisting lien on the land, superior to the title of Hightower & Co.; that petitioner's mortgage be foreclosed, the land sold, and the proceeds thereof paid over to petitioner in

discharge of its indebtedness, and the remainder, if any, be paid over to Hightower & Co.; that petitioner have general judgment against Moses for the amount of the debt, and that the judgment be decreed to be a special lien upon the land. Hightower & Co. demurred to the petition, on numerous grounds, among them, that no cause of action, legal or equitable, is set out; that it is multifarious; that there is a misjoinder of parties defendant; that petitioner has a complete and adequate remedy at law by foreclosing its mortgage; that no cause is shown why the Hightower deed should be canceled; that the "so-called mortgage" is invalid because the description of the land is too indefinite, vague, and uncertain. The court overruled the demurrer, and Hightower & Co. excepted. *Held:*

1. The mortgage on the land is void, because the description therein is too vague and uncertain, the number of acres not being definite, but described as "more or less." *Huntress* v. *Portwood*, 116 *Ga.* 351 (42 S. E. 513); *King* v. *King*, 143 *Ga.* 385 (85 S. E. 95); *Southern Cotton Oil Co.* v. *Bank of Wrightsville*, 147 *Ga.* 442 (94 S. E. 553).

2. Hightower & Co. having been made parties to the proceeding by the bank in order to effectuate its foreclosure proceeding against them, it was competent for these defendants to raise the question of the validity of the mortgage.

3. Having held that the demurrer of Hightower & Co., challenging the validity of the mortgage, should have been sustained, the action was maintainable for the sole purpose of reducing the plaintiff's claim to judgment against the defendant Moses. To the suit proceeding for this purpose Hightower & Co. were not proper parties and should have been dismissed from the case. Since Hightower & Co. are not proper parties, no relief can be had against them.

4. The judgment of the trial court is affirmed, with direction that the demurrer of Hightower & Co. be sustained in all respects except in so far as the petitioner undertakes to recover a general judgment against Dock Moses.

*Judgment affirmed, with direction. All the Justices concur, except Fish, C. J., absent.*

                     No. 773. MAY 17, 1918.

Equitable petition. Before Judge Worrill. Early superior court. January 5, 1918.

  *Glessner & Collins,* for plaintiffs in error.

  *Pottle & Hofmayer,* contra.