### 22796. DRAKE v. LUDDEN & BATES SOUTHERN MUSIC HOUSE.

GUERRY, J. 1. A defendant can not by affidavit of illegality go behind a judgment by setting up a defense of tender, where that issue was settled by verdict. His remedy would be a review of the case by a motion for a new trial. The defendant here is attempting by affidavit of illegality to set up a defense that was his at the trial of the case in the lower court, and which defense was settled by verdict therein. It comes within the rule of law stated many times by our courts that "A defendant in execution can not, by affidavit of illegality, go behind the judgment upon which the execution is based, after he has been duly served and had his day in court." *Arnold-Forrest Horse &c. Co.* v. *Fleeman,* 9 *Ga. App.* 483 (71 S. E. 766); *Cochran* v. *Whitworth,* 21 *Ga. App.* 406 (94 S. E. 609); *Levadas* v. *Beach,* 119 *Ga.* 613 (46 S. E. 864).

2. Motion is made for damages against the plaintiff in error on the ground that the appeal was made for delay only. The rule of law upon which

this case is decided is so plain by code section and by many authorities that it is evident that the case was brought here for delay only, and therefore the motion of the defendant in error for the statutory damages is granted. *Chabble* v. *O'Neal*, 19 *Ga. App.* 809 (92 S. E. 288) ; Civil Code, §§ 5311, 6213.

*Judgment affirmed, with damages. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 20, 1933.

*J. A. Drake,* for plaintiff in error. *N. L. Stapleton,* contra.

